UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

EASTERN DIVISION (BOSTON)

| | | |
|---|---|---|
| DAVE LENARTZ, et al., Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Lead Case No. 1:11-cv-10582-WGY (**Consolidated**) |
| Plaintiffs, | ) ) | <u>CLASS ACTION</u> |
| vs. | ) ) | |
| AMERICAN SUPERCONDUCTOR CORPORATION, et al., | ) ) ) | |
| Defendants. | ) ) ) | |

STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement dated November 19, 2013 (the "Stipulation" or the "Settlement Agreement"), submitted pursuant to Rule 23 of the Federal Rules of Civil Procedure and Rule 408 of the Federal Rules of Evidence, embodies a settlement (the "Settlement") made and entered into by and among the following Settling Parties: (i) Plumbers and Pipefitters National Pension Fund ("Lead Plaintiff" or "Plumbers"), on behalf of itself and each of the Members of the Class, as defined in ¶¶1.4-1.5, *infra*, on the one hand, and (ii) American Superconductor Corporation ("AMSC" or the "Company"); Gregory J. Yurek ("Yurek"), David A. Henry ("Henry"), Daniel McGahn ("McGahn"), Vikram S. Budhraja, Peter O. Crisp, Richard Drouin, David R. Oliver, Jr., John B. Vander Sande, John W. Wood, Jr. (collectively, the "Individual Defendants," and together with AMSC, the "AMSC Defendants"); and Morgan Stanley & Co. LLC, Deutsche Bank Securities Inc. and Jefferies & Company, Inc. (collectively, the "Underwriter Defendants" and, together with AMSC and the Individual Defendants, "Defendants"), on the other hand, by and through their counsel of record in the above-referenced consolidated litigation pending in the United States District Court for the District of Massachusetts (the "Action").  The Stipulation is intended by the Settling Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims, upon and subject to the terms and conditions hereof and subject to the approval of the Court.  Throughout this Stipulation, all capitalized terms used, but not immediately defined, have the meanings given to them in Part IV.1, below.

## I.    THE LITIGATION

On and after April 6, 2011, the following actions were filed in the United States District Court for the District of Massachusetts (the "Court") as class actions on behalf of persons who purchased the publicly traded stock of AMSC: *Lenartz v. American Superconductor Corp.*, Civil Action No. 11-10582; *Chun v. American Superconductor Corp.*, Civil Action No. 11-10610; *Godt v.*

*American Superconductor Corp.*, Civil Action No. 11-10653; *Murphy v. American Superconductor Corp.*, Civil Action No. 11-10665; *Griffin v. American Superconductor Corp.*, Civil Action No. 11-10707; *Foster v. American Superconductor Corp.*, Civil Action No. 11-10743; and *Norfolk County Retirement System v. American Superconductor Corp.*, Civil Action No. 11-10849.  On June 7, 2011, by order of the Court, these seven actions were consolidated and on June 20, 2011, Plumbers was appointed Lead Plaintiff and its choice of counsel was approved by the Court.

On August 31, 2011, Lead Plaintiff filed an amended complaint.  The amended complaint alleges claims under §10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") (15 U.S.C. §78j(b)) and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5) against AMSC, Yurek, Henry and McGahn; claims under §20(a) of the Exchange Act (15 U.S.C. 78t(a)) against Yurek, Henry and McGahn; claims under §§11 and 12(a)(2) of the Securities Act of 1933 (the "Securities Act") (15 U.S.C. §§77k and 77l(a)(2)) against AMSC, the Individual Defendants and the Underwriter Defendants; and claims under §15 of the Securities Act (15 U.S.C. §77o) against the Individual Defendants.

On October 14, 2011, Defendants moved to dismiss the amended complaint.  Lead Plaintiff opposed the motions.  On December 16, 2011, the Court issued a summary order taking under advisement the AMSC Defendants' motion to dismiss the Exchange Act claims, denying the AMSC Defendants' motion to dismiss the Securities Act claims and taking under advisement the Securities Act claims made against the Underwriter Defendants; the Court also directed Lead Plaintiff to file a second amended complaint, which Lead Plaintiff filed on February 13, 2012 (the "Complaint"), and which is the operative pleading.

On July 26, 2012, the Court issued its Memorandum and Order denying in part and granting in part Defendants' motions.  Specifically, the Court sustained Lead Plaintiff's Securities Act claims

- 2 -

and dismissed Lead Plaintiff's Exchange Act claims, without prejudice.  Defendants answered the Complaint on August 23, 2012.

Defendants served their initial disclosures on Lead Plaintiff pursuant to Rule 26(a) of the Federal Rules of Civil Procedure on September 26, 2012, Lead Plaintiff served its initial disclosures on Defendants on October 1, 2012, and thereafter the parties exchanged discovery requests and began to produce documents.  On February 19, 2013, Lead Plaintiff filed its motion for class certification.  A representative of Lead Plaintiff was deposed by Defendants on April 10, 2013, and a representative of Lead Plaintiff's money manager was deposed by Defendants on April 25, 2013.

On March 5, 2013, the parties attended a mediation session with Jed D. Melnick of JAMS, and although no agreement was reached, the parties continued their negotiations with the assistance of the mediator.  As a result of those further discussions led by the mediator, the parties reached an agreement-in-principle to resolve the Action.

## II.    CLAIMS OF LEAD PLAINTIFF AND BENEFITS OF SETTLEMENT

Lead Plaintiff and Lead Counsel believe that the claims asserted in the Action have merit. However, Lead Plaintiff and Lead Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against Defendants through trial and appeal.  Lead Plaintiff and Lead Counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this Action, as well as the risks posed by the difficulties and delays inherent in such litigation.  Lead Plaintiff and Lead Counsel also are aware of the defenses to the securities law violations asserted in the Action.  Lead Plaintiff and Lead Counsel believe that the Settlement set forth in this Stipulation confers substantial benefits upon the Class in light of the circumstances present here.  Based on their evaluation, Lead Plaintiff and Lead

843822_11

Counsel have determined that the Settlement set forth in this Stipulation is in the best interests of Lead Plaintiff and the Class.

## III.    DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants have denied and continue to deny that they have violated the federal securities laws or any laws or have otherwise misled investors as alleged in the Action.  Defendants have denied expressly and continue to deny specifically each and all of the claims and contentions alleged in the Action, along with all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action. Defendants also have denied expressly and continue to deny, *inter alia*, the allegations that any of the Defendants made any material misstatements or omissions; that any Member of the Class has suffered damages; that the prices of AMSC common stock were artificially inflated by reason of the alleged misrepresentations, omissions, or otherwise; that the Members of the Class were harmed by the conduct alleged in the Action; or that Defendants knew about or were reckless with respect to the alleged misconduct.  In addition, Defendants maintain that they have meritorious defenses to all claims alleged in the Action.

Nonetheless, taking into account the uncertainty, risks, and costs inherent in any litigation, especially in complex cases such as this Action, Defendants have concluded that further conduct of the Action could be protracted, burdensome, expensive, and distracting.  Defendants have, therefore, determined that it is desirable and beneficial to them that the Action be settled in the manner and upon the terms and conditions set forth in this Stipulation.  As set forth in ¶9.5, below, this Stipulation shall in no event be construed as or deemed to be evidence of an admission or concession by Defendants with respect to any claim of any fault, liability, wrongdoing, or damage whatsoever.

843822_11

IV.      **TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT**

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Lead

Plaintiff (for itself and the Members of the Class), on the one hand, and Defendants, on the other

hand, by and through their respective counsel or attorneys of record, that, subject to the approval of

the Court, in consideration of the benefits flowing to the Settling Parties from the Settlement set

forth herein, the Action and the Released Claims shall be finally and fully compromised, settled, and

released, and the Action shall be dismissed with prejudice, as to all Settling Parties, upon and subject

to the terms and conditions of the Stipulation, as follows.

1.      **Definitions**

As used in the Stipulation the following terms have the meanings specified below:

1.1      "AMSC common stock" means the shares of common stock, par value $0.01 per

share, of AMSC.

1.2      "Authorized Claimant" means any Member of the Class who submits a timely and

valid Proof of Claim and Release form and whose claim for recovery has been allowed pursuant to

the terms of the Stipulation.

1.3      "Claims Administrator" means the firm of Kurtzman Carson Consultants LLC.

1.4      "Class" means all Persons who purchased AMSC common stock from July 29, 2010

through July 11, 2011, inclusive, as well as purchasers of the Company's common stock in or

traceable to AMSC's public offering on or about November 12, 2010 (the "Secondary Offering").

Excluded from the Class are:

(a)      Persons or entities who submit valid and timely requests for exclusion from

the Class; and

(b)        Defendants, members of the immediate family of any such Defendant, any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has or had a controlling interest during the Class Period, the officers and directors of the Company and the Underwriter Defendants during the Class Period, and legal representatives, agents, executors, heirs, successors or assigns of any such excluded Person.

1.5        "Class Member" or "Member of the Class" mean a Person who falls within the definition of the Class as set forth in ¶1.4 of this Stipulation.

1.6        "Class Period" means the period July 29, 2010 through July 11, 2011, inclusive.

1.7        "Daily Price" means, for any trading day, the daily closing price per share for the common stock of AMSC.

1.8        "Defendants" means AMSC, the Individual Defendants and the Underwriter Defendants.

1.9        "Effective Date" means the first date by which all of the events and conditions specified in ¶8.1 of the Stipulation have been met and have occurred.

1.10        "Escrow Account" means the separate interest-bearing escrow account at a banking institution controlled by the Escrow Agent.

1.11        "Escrow Agent" means Robbins Geller Rudman & Dowd LLP or its successor(s).

1.12        "Final" means, with respect to any order of court, including, without limitation, the Judgment, that such order represents a final and binding determination of all issues within its scope and is not subject to further review on appeal or otherwise.  Without limitation, an order becomes "Final" when the last of the following with respect to the Judgment  approving the Settlement, in the form of Exhibit B attached hereto, shall occur: (i) the expiration of the time to file a motion to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e) has passed without any such

- 6 -

motion having been filed; (ii) the expiration of the time in which to appeal the Judgment has passed without any appeal having been taken; and (iii) if a motion to alter or amend is filed or if an appeal is taken, the determination of that motion or appeal in such a manner as to permit the consummation of the Settlement, in accordance with the terms and conditions of this Stipulation. For purposes of this paragraph, an "appeal" shall include any petition for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of this Settlement, but shall not include any appeal which concerns only the issue of attorneys' fees and expenses or any Plan of Distribution of the Settlement Fund.

1.13   "Individual Defendants" means Gregory J. Yurek, David A. Henry, Daniel McGahn, Vikram S. Budhraja, Peter O. Crisp, Richard Drouin, David R. Oliver, Jr., John B. Vander Sande and John W. Wood, Jr.

1.14   "Judgment" means the judgment and order of dismissal with prejudice to be rendered by the Court upon approval of the Settlement, in the form attached hereto as Exhibit B, subject to any amendment to the form to comply with the Court's direction.

1.15   "Lead Counsel" means Robbins Geller Rudman & Dowd LLP, 58 South Service Road, Suite 200, Melville, NY 11747.

1.16   "Lead Plaintiff" means Plumbers and Pipefitters National Pension Fund.

1.17   "Net Settlement Fund" means the portion of the Settlement Fund that shall be distributed to Authorized Claimants as allowed by the Court, and does not include: (i) Court-awarded attorneys' fees and expenses; (ii) Notice and Administration Expenses; (iii) Taxes; and (iv) any other fees or expenses approved by the Court, including any award to Lead Plaintiff for reasonable costs and expenses pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4 (the "PSLRA").

- 7 -

1.18    "Notice" means the Notice of Pendency and Proposed Settlement of Class Action, which is to be sent to Members of the Class and, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit A-1.

1.19    "Notice and Administration Expenses" means all fees and expenses occurred in connection with providing notice to the Class and the administration of the Settlement, including, but not limited to: (i) providing notice of the proposed Settlement by mail, publication, and other means; (ii) receiving and reviewing claims; (iii) applying the Plan of Distribution; (iv) communicating with Persons regarding the proposed Settlement and claims administration process; (v) distributing the proceeds of the Settlement; and (vi) fees related to the Escrow Account and investment of the Settlement Fund.

1.20    "Person" means an individual, corporation (including all divisions and subdivisions), general or limited partnerships, association, joint stock company, joint venture, limited liability company, professional corporation, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and his, her or its spouses, heirs, predecessors, successors, representatives, or assignees.

1.21    "Plaintiffs' Counsel" means any counsel who filed a complaint in the Action or any action that has been consolidated with the Action.

1.22    "Plan of Distribution" means a plan or formula of allocation of the Net Settlement Fund whereby the Settlement Fund shall be distributed to Authorized Claimants.  Any Plan of Distribution is not part of the Stipulation and the Released Persons shall have no responsibility or liability with respect thereto.

1.23    "Proof of Claim" means the Proof of Claim and Release form for submitting a claim, which shall be substantially in the form attached hereto as Exhibit A-2.

1.24    "Related Parties" means each and all of Defendants and each and all of their respective present or former parents, subsidiaries, affiliates (as defined in 17 C.F.R. §210.1-02(b)), successors and assigns, predecessors, and each and all of the respective present or former officers, directors, employees, employers, members, attorneys, accountants, financial advisors, commercial bank lenders, investment bankers, representatives, general and limited partners and partnerships, any person, firm, trust, corporation, officer, director, or other individual or entity in which they have a controlling interest and any trust of which any Defendant is a settlor, trustee or beneficiary, heirs, executors, administrators, successors, affiliates, and assigns of each of them.

1.25    "Released Claims" means any and all claims, rights, and causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities of every nature and description, whether known or unknown (including, but not limited to, "Unknown Claims"), whether arising under federal, state, statutory, common or administrative law or any other law, rule, or regulation, whether based in law or equity, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, that arise out of both (i) the purchase of AMSC common stock during the Class Period and/or in or traceable to the Secondary Offering and (ii) any of the allegations, transactions, facts, events, matters, occurrences, acts, disclosures, statements, representations or omissions or failures to act, involved, set forth, or referred to in the Complaint or that could have been asserted in the Action.  Released Claims do not include the Settling Parties' ability to enforce confidentiality agreements and obligations concerning information provided in connection with the Action.

1.26    "Released Persons" means each and all of Defendants and their Related Parties and Defendants' insurers and reinsurers.

1.27    "Settlement" means the resolution of this Action as against Defendants in accordance with the terms and provisions of this Stipulation.

1.28    "Settlement Fund" means the principal amount of Eight Million Two Hundred Thousand Dollars ($8,200,000.00), to be provided in cash, plus the Settlement Stock to be paid pursuant to ¶3.1 of this Stipulation, together with all interest and income earned thereon after payment of the Settlement Fund into the Escrow Account.

1.29    "Settlement Stock" means the shares of common stock, par value $0.01 per share, of AMSC issued in accordance with ¶3.1 below.

1.30    "Settling Parties" means, collectively, Defendants and Lead Plaintiff on behalf of itself and the Class Members.

1.31    "Taxes" means all taxes on the income of the Settlement Fund and expenses and costs occurred in connection with the taxation of the Settlement Fund (including, without limitation, interest, penalties, and the expenses of tax attorneys and accountants).

1.32    "Underwriter Defendants" means Morgan Stanley & Co. LLC, Deutsche Bank Securities Inc. and Jefferies & Company, Inc.

1.33    "Unknown Claims" means any and all Released Claims which Lead Plaintiff or any Class Member does not know or suspect, or should have known or suspected, to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision(s) not to object to this Settlement.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff shall expressly and each of the Class Members shall be deemed to have, and by operation of the

Judgment shall have, expressly waived to the fullest extent permitted by law the provisions, rights, and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Lead Plaintiff shall expressly and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542. Lead Plaintiff and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiff shall expressly, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiff acknowledges, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver and inclusion of "Unknown Claims" in ¶1.33 was separately bargained for and a key element of the Settlement of which this release is a part.

## 2.   CAFA Notice

2.1     Pursuant to the Class Action Fairness Act ("CAFA"), no later than ten (10) calendar days after the Settlement Agreement is filed with the Court, AMSC shall cause proper notice of the

proposed Settlement to be served upon the United States Attorney General and each State Attorney General.  Simultaneously, AMSC shall cause a copy of such notice as well as proof of service of such notice to be provided to counsel for Lead Plaintiff and Defendants.

**3.      The Settlement**

**a.      The Settlement Fund**

3.1     Defendants shall pay or cause to be paid to the Class, in settlement of the claims against them, the principal amount of the Settlement Fund, as follows:

(a)     AMSC, on behalf of Defendants, shall cause Eight Million Two Hundred Thousand Dollars ($8,200,000.00) in cash to be deposited into the Escrow Account within ten (10) business days from the later of entry of an Order preliminarily approving the Settlement or receipt of appropriate and necessary payee information from Lead Counsel.  These funds, together with any interest and income earned thereon, and together with the Settlement Stock (defined in ¶3.1(b) below) shall constitute the Settlement Fund.  If the cash portion of the Settlement Fund is not fully funded within thirty (30) calendar days of entry of an Order Preliminarily Approving the Settlement, Lead Counsel may terminate the Settlement Agreement on fifteen (15) calendar days' notice to Defendants' counsel.  Except as set forth in this ¶3.1 or expressly provided for elsewhere in this Stipulation, none of the Defendants shall have any obligation to pay money as part of the Settlement or in connection with this Stipulation.

(b)     The "Settlement Stock" shall consist of One Million Eight Hundred Thousand Dollars ($1,800,000.00) worth of shares of AMSC common stock based on the average of the Daily Prices for the ten (10) consecutive trading days ending on the day this Stipulation is executed (the "First Valuation Price") (944,882 shares), which shall be unrestricted and freely tradable (except for recipients who are affiliates of AMSC as that term is defined in Rule 144 of the Securities Act), and

either registered or exempt from registration under the Securities Act pursuant to §3(a)(10) of the Securities Act, 15 U.S.C. §77c(a)(10), in that the Settlement Stock will be issued to or for the benefit of Class Members in exchange for their release of claims against Defendants under the terms of this Stipulation.  Pursuant to §3(a)(10), the Court's judgment of the fairness of the Settlement may serve as a substitute for the registration requirements of the Securities Act with regard to any Settlement Stock.  At the Settlement Hearing (defined in ¶4.2 below), the Court will be asked to find with regard to the Settlement Stock being issued as part of the Settlement Fund that: (1) the terms and conditions of the proposed issuance are fair to all those who will receive securities in the proposed exchange; and (2) the terms and conditions of, and procedures for, the proposed issuance are fair.  In the alternative, AMSC, in its sole discretion, shall have the right to file a registration statement with the U.S. Securities and Exchange Commission covering the issuance of the Settlement Stock.

(c)     The Settlement Stock may be sold or transferred by recipients thereof who are not affiliates of AMSC (as that term is defined in Rule 144 of the Securities Act) or recipients deemed to be underwriters under the Securities Act without registration under §5 of the Securities Act or compliance with Rule 144.  The number of shares constituting the Settlement Stock will be adjusted to account for stock splits, reverse stock splits, and other similar actions taken by AMSC.  If AMSC is sold, acquired or merges prior to distribution of the Settlement Stock to the Class, the shares will be treated for purposes of any corporate transaction as if they had been issued, distributed and outstanding, and will receive the same proportionate treatment as other shares of AMSC.  In addition, the stock price protections set forth in ¶3.1(d) shall be adjusted in a manner consistent with such treatment.

(d)     AMSC shall provide price protection for the Settlement Stock, as follows: If the average of the Daily Prices for the ten (10) consecutive trading days ending on the Effective Date

- 13 -

843822_11

of the Settlement (the "Second Valuation Price") is below the First Valuation Price on the Effective Date of the Settlement, AMSC shall, within five (5) business days thereof, contribute to the Settlement Fund the cash amount representing the difference between $1,800,000 and the value of the Settlement Stock based on the Second Valuation Price.

(e)     AMSC will issue and distribute the Settlement Stock to Lead Counsel pursuant to instructions provided by Lead Plaintiff within ten (10) business days after the Effective Date of the Settlement.

(f)     Upon receipt of the Settlement Stock, Lead Counsel shall hold the Settlement Stock as fiduciaries for the benefit of the Class Members prior to the distribution of such Settlement Stock to the Class Members.   At anytime after the Effective Date, and prior to the date of distribution of the Settlement Stock to Class Members, Lead Counsel shall have the option, in its sole discretion but consistent with its fiduciary duties to the Class Members, of selling all or any portion of the Settlement Stock for the benefit of Class Members; provided, however, that the proceeds of any such sale shall be placed in the Settlement Fund.

(g)     Neither the Plaintiffs, the Class Members, nor any of the Released Persons shall have a claim against the Released Persons, Plaintiffs' Counsel or the Lead Plaintiff, or any of their agents, based on the disposition of the Settlement Stock or the distributions made in accordance with the Stipulation, absent gross negligence or willful misconduct.

(h)     No fractional shares of Settlement Stock will be issued.  The calculation of the number of shares to be distributed will be rounded up or down to the nearest whole share. Authorized Claimants who, based on the calculation of their claims pursuant to the Court-approved Plan of Distribution, are scheduled to receive fewer than 100 shares of Settlement Stock have the

option to receive their shares of Settlement Stock in cash from the Settlement Fund, *via* the sale of their Settlement Stock by the Escrow Agent.

### b.    The Escrow Agent

3.2    The Escrow Agent shall invest the Settlement Fund deposited pursuant to ¶3.1 hereof only in instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. All risks related to the investment of the Settlement Fund in accordance with the guidelines set forth in this paragraph shall be borne by the Settlement Fund and not by any of the Defendants.

3.3    The Escrow Agent shall not disburse the Settlement Fund except (a) as provided in the Stipulation, (b) by an order of the Court, or (c) with the written agreement of counsel for the Settling Parties.

3.4    Subject to further order(s) and/or directions as may be made by the Court, or as provided in the Stipulation, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of the Stipulation. The Settling Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the actions of the Escrow Agent, or any transaction executed by the Escrow Agent.

3.5    All funds held in the Escrow Account shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

3.6    Prior to the Effective Date, the Escrow Agent, without further approval of Defendants or the Court, may pay from the Settlement Fund up to $400,000.00 in Notice and Administration Expenses associated with the administration of the Settlement, including, without limitation: the cost

of identifying and locating Members of the Class, mailing the Notice and Proof of Claim and Release form and publishing notice (such amount shall include, without limitation, the actual costs of publication, printing and mailing the Notice, and reimbursement to nominee owners for forwarding notice to their beneficial owners), soliciting Class claims, assisting with the filing of claims, administering and distributing the Net Settlement Fund to Authorized Claimants, processing Proof of Claim and Release forms, and paying escrow fees and costs, if any, and the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice and processing the submitted claims.  Prior to the Effective Date, payment of any Notice and Administration Expenses exceeding $400,000.00 shall require notice to and agreement from Defendants, through Defendants' counsel.  After the Effective Date, the Escrow Agent, without approval of Defendants or the Court, may pay from the Settlement Fund any Notice and Administration Expenses.

### c.    Taxes

3.7    (a)    The Settling Parties agree to treat the Settlement Fund as being at all times a "Qualified Settlement Fund" within the meaning of Treas. Reg. §1.468B-1.  In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶3.7, including the "relation-back election" (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)    For the purpose of §468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent.  As

- 16 -

administrator, the Escrow Agent shall satisfy all applicable administrative requirements imposed by Treas. Reg. §1.468B-2.  Lead Counsel shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)).  Such returns (as well as the election described in ¶3.7(a) hereof) shall be consistent with this ¶3.7 and in all events shall reflect that all Taxes (including any estimated Taxes, interest, or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶3.7(c) hereof.

        (c)        All (a) Taxes (including any estimated Taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Parties or their counsel, or upon Lead Plaintiff on behalf of itself and the Class Members or its counsel, with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "Qualified Settlement Fund" for federal or state income tax purposes ("Taxes"), and (b) expenses and costs incurred in connection with the operation and implementation of this ¶3.7 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶3.7) ("Tax Expenses"), shall be paid out of the Settlement Fund.  In all events, except as otherwise provided for in this Stipulation, the Released Persons and their counsel, or the Lead Plaintiff on behalf of itself and the Class Members or its counsel, shall have no liability or responsibility for the Taxes or the Tax Expenses.  With funds from the Settlement Fund, the Escrow Agent shall indemnify and hold each of the Released Persons and their counsel harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification).  Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the

- 17 -

Escrow Agent out of the Settlement Fund without prior order from the Court and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(l)(2)); neither the Released Parties nor their counsel are responsible nor shall they have any liability therefor.  The Settling Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶3.7.

> ### d.   Termination of Settlement

3.8     In the event that the Stipulation (i) is not approved, (ii) is terminated, canceled, or fails to become effective for any reason, including, without limitation, in the event the Judgment is reversed or vacated following any appeal taken therefrom, or (iii) is successfully collaterally attacked, any amounts deposited into the Settlement Fund (including accrued interest) less expenses actually incurred or due and owing for Notice and Administration Expenses, Taxes or Tax Expenses pursuant to ¶¶3.6 or 3.7, shall be refunded to AMSC by Lead Counsel in accordance with the written instructions from AMSC's counsel.

## 4.   Notice Order and Settlement Hearing

4.1     Promptly after execution of the Stipulation, the Settling Parties shall submit the Stipulation together with its exhibits (the "Exhibits") to the Court and shall apply for entry of an order (the "Notice Order"), in the form of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the Settlement set forth in the Stipulation and approval for the mailing of a settlement notice (the "Notice") and publication of a summary notice, in the forms of Exhibits A-1 and A-3 attached hereto.  The Notice shall include the general terms of the Settlement set forth in the

843822_11

Stipulation, the proposed Plan of Distribution, the general terms of the Fee and Expense Application, and the date of the Settlement Hearing.

4.2     Lead Counsel shall request, after notice is given to the Class, that the Court hold a hearing (the "Settlement Hearing") and approve the Settlement of the Action as set forth herein.  At or after the Settlement Hearing, Lead Counsel also shall request that the Court approve the proposed Plan of Distribution and the Fee and Expense Application, and the Settling Parties shall jointly request entry of a Judgment, in the form attached hereto as Exhibit B:

(a)     finally approving the Settlement as fair, reasonable, and adequate within the meaning of Rule 23 of the Federal Rules of Civil Procedure, and directing its consummation pursuant to its terms;

(b)     directing that the Action be dismissed without costs except as provided in this Stipulation and with prejudice, and releasing the Released Claims;

(c)     permanently barring and enjoining the institution and prosecution, by Lead Plaintiff and the Class Members, of any other action against Defendants asserting any Released Claims;

(d)     reserving jurisdiction over the Action, including all future proceedings concerning the administration, consummation, and enforcement of this Stipulation;

(e)     finding, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure that there is no just reason for delaying and directing entry of a final judgment; and

(f)     containing such other and further provisions consistent with the terms of this Stipulation to which the Settling Parties expressly consent in writing.

### 5.    Releases

5.1    Upon the Effective Date, Lead Plaintiff and each of the Class Members who have not validly opted out of the Class shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged against the Released Persons (whether or not such Class Members execute and deliver the Proof of Claim and Release form) all Released Claims (including, without limitation, any Unknown Claims), as well as any claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of the Action or the Released Claims.  Claims to enforce the terms of this Settlement Agreement are not released.

5.2    Upon the Effective Date, Lead Plaintiff and each of the Class Members who have not timely opted out of the Class, and anyone claiming through or on behalf of any of them, shall be permanently barred and enjoined from the assertion, institution, maintenance, prosecution, or enforcement against Defendants, or any other Released Persons, in any state or federal court or arbitral forum, or in the court of any foreign jurisdiction, of any and all Released Claims, as well as any claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of the Action or the Released Claims.  Claims to enforce the terms of this Settlement Agreement are not released.

5.3    The Proof of Claim and Release form to be executed by Class Members shall release all Released Claims against the Released Persons and shall be substantially in the form contained in Exhibit A-2 attached hereto.

5.4    Upon the Effective Date, each of the Related Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiff, each and all of the Class Members, and Lead Counsel from all claims (including, without limitation, Unknown Claims) arising out of, relating to, or in connection with,

the institution, prosecution, assertion, settlement, or resolution of the Action or the Released Claims. Claims to enforce the terms of this Settlement Agreement are not released.

**6.      Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund**

6.1      The Claims Administrator, subject to such supervision and direction of Lead Counsel and the Court as may be necessary or as circumstances may require, shall provide notice of the Settlement to the Class as set forth in ¶4.1 above, subject to any Court modification, shall administer and calculate the claims submitted by Class Members, and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.

6.2      Within ten (10) calendar days of the Court's preliminary approval of this Settlement Agreement, AMSC will use reasonable efforts to cause its transfer agent to provide to the Claims Administrator in a computer-readable format, the last known names and addresses of all AMSC shareholders of record during the Class Period.  AMSC shall bear the expense of providing such names and addresses.

6.3      In accordance with the schedule set forth in the Notice Order (the "Notice Date"), the Claims Administrator will cause to be mailed to all shareholders of record identified by AMSC's transfer agent the Notice, substantially in the form of Exhibit A-1 attached hereto, and a Proof of Claim and Release form, substantially in the form of Exhibit A-2 attached hereto.  The Notice shall set forth the terms of the Stipulation, including the proposed Plan of Distribution and Lead Counsel's request for attorneys' fees, charges and expenses and expenses of the Lead Plaintiff; the date and time of the Settlement Hearing; the right to object to the Settlement, proposed Plan of Distribution, or request for fees, charges and expenses; the right to appear at the Settlement Hearing; and the right to request exclusion from the Class.  The Notice and Proof of Claim and Release form shall also be posted on the Claims Administrator's website.  In accordance with the schedule set forth in the

- 21 -

Notice Order, a summary notice, substantially in the form of Exhibit A-3 attached hereto, will also be published once in the national edition of *Investor's Business Daily* and once over the *Business Wire*. The cost of providing such notice shall be paid out of the Settlement Fund. Not later than twenty-one (21) days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

6.4    The Settlement Fund shall be applied as follows:

(a)    to pay Lead Counsel's attorneys' fees, charges and expenses (the "Fee and Expense Award") and Lead Plaintiff's expenses, if and to the extent allowed by the Court;

(b)    to pay all Notice and Administration Expenses;

(c)    to pay the Taxes and Tax Expenses described in ¶3.7 hereof; and

(d)    to distribute the Net Settlement Fund to Authorized Claimants as allowed by the Stipulation, the Plan of Distribution, or the Court.

6.5    Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Distribution, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with ¶¶6.6-6.13.

6.6    Each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim and Release form, substantially in the form of Exhibit A-2 attached hereto, postmarked by no later than ninety (90) calendar days after the Notice Date, or such other time as may be set by the Court (the "Bar Date"), signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and Release form and as are reasonably available to such Person.

6.7     Except as otherwise ordered by the Court, all Class Members who fail to submit a Proof of Claim and Release form by the Bar Date, or such other period as may be ordered by the Court, or who file a Proof of Claim and Release that is rejected, shall be forever barred from receiving any payments pursuant to the Stipulation and the Settlement set forth herein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment.  Notwithstanding the foregoing, Lead Counsel may, in their discretion, accept for processing late submitted claims so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.

6.8     The Claims Administrator shall calculate the claims of Authorized Claimants in accordance with the Plan of Distribution.  Following the Effective Date, the Claims Administrator shall send to each Authorized Claimant his, her, or its *pro rata* share of the Net Settlement Fund.  The cost of these procedures shall be paid out of the Settlement Fund.

6.9     Following the Effective Date, Defendants shall not have a reversionary interest in the Net Settlement Fund.  If there is any balance remaining in the Net Settlement Fund after six (6) months from the date of the initial distribution of the Net Settlement Fund, Lead Counsel shall, if feasible, distribute such balance among Authorized Claimants who negotiated the checks sent to them in the initial distribution in an equitable and economical fashion.  These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is no longer feasible to distribute to Class Members (*i.e.*, $10,000 or less) and such remaining balance shall then be donated to an appropriate non-profit organization selected by Lead Counsel.

6.10     Neither the Released Persons nor their counsel shall have any responsibility for, interest in, or liability whatsoever with respect to the distribution of the Net Settlement Fund, the Settlement Stock, the Plan of Distribution, the management, determination, administration, or

- 23 -

calculation of claims, the payment or withholding of Taxes, or any losses incurred in connection therewith.  Lead Plaintiff and each Class Member hereby fully, finally, and forever releases, relinquishes, and discharges the Released Persons and their counsel from any and all such liability.

6.11    It is understood and agreed by the Settling Parties that any proposed Plan of Distribution of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in the Stipulation, and any order or proceeding relating to the Plan of Distribution shall not operate to terminate or cancel the Stipulation or affect the finality of the Court's Judgment approving the Stipulation and the Settlement set forth therein, or any other orders entered pursuant to the Stipulation.  Class Members and Defendants shall be bound by the terms of this Stipulation, irrespective of whether the Court disapproves or modifies the Plan of Distribution.

6.12    All persons who fall within the definition of Class Member shall be subject to and bound by the provisions of this Stipulation, the releases contained herein, and the Judgment with respect to all Released Claims, regardless of whether such Persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim and Release or any similar document, any distribution from the Settlement Fund or Net Settlement Fund.

6.13    No Person shall have any claim against Lead Plaintiff, Lead Counsel, Defendants, Defendants' counsel, or the Claims Administrator based on distributions made substantially in accordance with the Court-approved Settlement, Stipulation, and Plan of Distribution, or otherwise as further ordered by the Court.

843822_11

**7.      Lead Counsel's Attorneys' Fees, Charges and Expenses; Lead Plaintiff's Expenses**

7.1      Lead Counsel may submit an application or applications (the "Fee and Expense Application") for distributions from the Settlement Fund for (a) an award of attorneys' fees, charges and expenses to be paid out of the Settlement Fund plus (b) expenses incurred in connection with prosecuting the Action, plus interest on both amounts.  Lead Plaintiff may submit a request for its expenses in representing the Class ("Lead Plaintiff's Expense Request").  Neither Lead Counsel nor any Class Member shall be entitled to terminate the Stipulation if the Court disapproves of or modifies the terms of this Stipulation with respect to attorneys' fees, charges or expenses or the distribution of the Net Settlement Fund.  Defendants shall take no position with respect to the Fee and Expense Application or Lead Plaintiff's Expense Request.

7.2      The attorneys' fees, charges, expenses, and costs, including the fees of experts and consultants, as awarded within the sole discretion of the Court, shall be paid to Lead Counsel from the Settlement Fund, as ordered, immediately after the Court executes an order awarding such fees, charges and expenses.  Lead Counsel shall thereafter allocate, subject to the conditions below, the attorneys' fees amongst Plaintiffs' Counsel in a manner in which it in good faith believes reflects the contributions of such counsel to the prosecution and settlement of the Action.  Attorneys' fees, charges, expenses, and costs will be paid to Plaintiffs' Counsel in cash and stock *pari pasu* with the Class, *i.e.*, in the same proportion as the Settlement Fund of cash and stock.  Any such awards shall be paid solely by the Settlement Fund. Each such Plaintiffs' Counsel's law firm receiving fees and expenses, as a condition of receiving such fees and expenses, on behalf itself and each partner and/or shareholder of it, agrees that the law firm and its partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph.  In the event that the judgment or the order awarding such fees and expenses paid to Lead Counsel pursuant to

- 25 -

¶7.1 is reversed or modified, or the Settlement is canceled or terminated for any other reason, then Lead Counsel shall, in an amount consistent with such reversal or modification, refund such fees or expenses to the Settlement Fund, plus interest thereon at the same rate as earned on the Settlement Fund, within twenty (20) business days from receiving notice from AMSC's counsel or a court of competent jurisdiction.

7.3     The procedure for and the allowance or disallowance by the Court of the Fee and Expense Application and Lead Plaintiff's Expense Request, to be paid out of the Settlement Fund, are not part of the Settlement set forth in the Stipulation or the Plan of Distribution, and any order or proceeding relating to the Fee and Expense Application or Lead Plaintiff's Expense Request, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the Settlement of the Action.

7.4     With the sole exception of the Defendants making payment into the Escrow Account as provided for in ¶3.1, and the cost of providing transfer records as provided for in ¶6.2, the Defendants shall have no responsibility for, and no liability whatsoever with respect to any payment to Lead Counsel that may occur at any time.

7.5     The Defendants shall have no responsibility for, and no liability whatsoever with respect to any attorneys' fees, costs, or expenses incurred by on or behalf of the Class Members, whether or not paid from the Escrow Account.

7.6     Released Persons shall have no responsibility for any payment of attorneys' fees, charges and expenses to Lead Counsel, Plaintiffs' Counsel or any Class Member's counsel over and above payment of the Settlement Fund.  Released Persons shall have no responsibility for any

- 26 -

payment of expenses to Lead Plaintiff or any Class Member over and above payment of the Settlement Fund.

7.7     Released Persons shall have no responsibility for the allocation among any Plaintiffs' Counsel or Class Member's counsel, and/or any other Person who may assert some claim thereto, of any fee or expense award that the Court may make in the Action.

**8.     Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination**

8.1     The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

(a)     execution of the Stipulation and such other documents as may be required to obtain final Court approval of the Stipulation in a form satisfactory to the Settling Parties;

(b)     AMSC, on behalf of Defendants, has caused the deposit of the Settlement Fund into the Escrow Account;

(c)     Defendants have not exercised their option to terminate the Stipulation pursuant to ¶8.3 hereof;

(d)     the Court has entered the Notice Order, as required by ¶4.1 hereof;

(e)     the Court has approved the Settlement as described herein, following notice to the Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and has entered the Judgment that, *inter alia*, dismisses with prejudice the Action as set forth above; and

(f)     the Judgment has become Final, as defined in ¶1.12 hereof.

8.2     Upon the occurrence of all of the events referenced in ¶8.1 hereof, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished.   If all of the conditions specified in ¶8.1 hereof are not met, then the

- 27 -

Stipulation shall be canceled and terminated subject to ¶8.4 hereof unless Lead Counsel and counsel for Defendants mutually agree in writing to proceed with the Settlement.

8.3     If prior to the Settlement Hearing Persons who otherwise would be members of the Class have timely requested exclusion from the Class in accordance with the provisions of the Notice Order and the Notice given pursuant thereto, and such Persons in the aggregate purchased a number of shares of AMSC common stock during the Class Period in an amount greater than the sum specified in a separate "Supplemental Agreement" executed between Lead Plaintiff and Defendants, Defendants shall have, in their sole and absolute discretion, the option to terminate this Stipulation and Settlement in accordance with the procedures set forth in the Supplemental Agreement.  The Supplemental Agreement shall not be filed with the Court, unless ordered by the Court, in which case the parties will use their best reasonable efforts to file it under seal.

8.4     Unless otherwise ordered by the Court, in the event the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, within five (5) business days after written notification of such event is sent by counsel for Defendants or Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest), less expenses which have either been incurred or disbursed pursuant to ¶3.6 or ¶3.7 hereof, shall be refunded pursuant to written instructions from AMSC's counsel.  At the request of counsel for AMSC, the Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any expenses incurred in connection with such application(s) for refund, at the written direction of AMSC's counsel.

8.5     The Settling Parties shall be restored to their respective positions in the Action as of April 10, 2013, with all of their respective claims and defenses as they existed on that date.

8.6     The terms and provisions of this Stipulation, with the exception of ¶¶1.1-1.33, 3.6-

3.8, 7.2, 8.4-8.9, 9.5-9.9, 9.11-9.17, and 9.19 hereof (which shall continue in full force and effect)

shall be null and void and shall have no further force and effect with respect to the Settling Parties,

and neither the existence nor the terms of this Stipulation (nor any negotiations preceding this

Stipulation nor any acts performed pursuant to, or in furtherance of, this Stipulation) shall be used in

this Action or in any other proceeding for any purpose (other than to enforce the terms remaining in

effect).

8.7     Any judgment or order by the Court in accordance with the terms of the Stipulation

shall be treated as vacated, *nunc pro tunc*.

8.8     No order of the Court or modification or reversal on appeal of any order of the Court

concerning the Plan of Distribution or the amount of any attorneys' fees, charges, expenses, and

interest awarded by the Court to Lead Counsel or expenses to Lead Plaintiff shall constitute grounds

for cancellation or termination of the Stipulation.

8.9     If the Court does not enter the Judgment, or if the Court enters the Judgment and

appellate review is sought, and on such review, the entry of the Judgment is finally vacated,

modified, or reversed, then this Stipulation and the Settlement incorporated herein shall be cancelled

and terminated, unless all parties who are adversely affected thereby, in their sole discretion within

thirty (30) days from the date of the mailing of such ruling to such parties, provide written notice to

all other parties hereto of their intent to proceed with the Settlement under the terms of the Judgment

as modified by the Court or on appeal.  Such notice may be provided on behalf of Lead Plaintiff and

the Members of the Class by Lead Counsel.  No Settling Party shall have any obligation whatsoever

to proceed under any terms other than substantially in the form provided and agreed to herein;

provided, however, that no order of the Court concerning any Fee and Expense Application or Plan

of Distribution, or any modification or reversal on appeal of such order, shall constitute grounds for cancellation or termination by any Settling Party.

**9.      Miscellaneous Provisions**

9.1      The Settling Parties (a) acknowledge that it is their intent to consummate this Stipulation; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation.

9.2      AMSC warrants and represents as to itself only, that it is not "insolvent" within the meaning of 11 U.S.C. §101(32) as of the time the Stipulation is executed and as of the time the payments are actually transferred or made as reflected in the Stipulation.  In the event of a final order of a court of competent jurisdiction, not subject to any further proceedings, determining the transfer of the Settlement Fund, or any portion thereof, by or on behalf of AMSC to be a preference, voidable transfer, fraudulent transfer or similar transaction under Title 11 of the United States Code (Bankruptcy) or applicable state law and any portion thereof is required to be refunded and such amount is not promptly deposited in the Settlement Fund by or on behalf of AMSC, then, at the election of Lead Counsel, the Settlement may be terminated and the releases given and the Judgment entered in favor of AMSC pursuant to the Settlement shall be null and void.  In such instance, the releases given and the Judgment entered in favor of other Defendants shall remain in full force and effect.  Alternatively, Lead Counsel may elect to terminate the entire Settlement as to all Defendants and all of the releases given and the Judgment entered in favor of the Defendants pursuant to the Settlement shall be null and void and Lead Plaintiff may proceed as if the Settlement were never entered into.

843822_11

9.3     The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Action.  The Settlement shall not be deemed an admission by any Settling Party as to the merits of any claim or defense.

9.4     The Settling Parties and their counsel agree that they shall not assert or allege in any action, proceeding, or claim that any party hereto violated Rule 11 of the Federal Rules of Civil Procedure, and the Final Judgment shall contain a finding that all Settling Parties and their counsel complied with the requirements of Rule 11 with respect to the institution, prosecution, defense, and resolution of the Action.  The Settling Parties agree that the amount paid to the Settlement Fund and the other terms of the Settlement were negotiated in good faith by the Settling Parties with the assistance of the independent mediator and reflect a Settlement that was reached voluntarily after consultation with competent legal counsel.  The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum regarding the Action, including that the Action was brought or defended in bad faith or without a reasonable basis.

9.5     Neither the Stipulation nor the Settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Persons; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal; or (c) is or may be deemed to be or may be used as an admission or evidence that any claims asserted by Lead Plaintiff were not valid or that the amount recoverable was not greater than the Settlement amount, in any civil, criminal, or administrative proceeding in any court,

administrative agency, or other tribunal.  Neither this Stipulation nor the Settlement, nor any act

performed or document executed pursuant to or in furtherance of this Stipulation or the Settlement

shall be admissible in any proceedings for any purpose, except that the Released Persons may file the

Stipulation and/or the Judgment in any action that may be brought against them in order to support a

defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith

settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or

similar defense or counterclaim.

9.6     All agreements made and orders entered during the course of the Action relating to

the confidentiality of information shall survive this Stipulation.  In addition, all discussions between

the Settling Parties and their counsel, including discussions with the mediator, related to the

Settlement in general and this Stipulation, shall be and remain confidential unless otherwise agreed

to by the Settling Parties.

9.7     All of the Exhibits to the Stipulation are material and integral parts hereof and are

fully incorporated herein by this reference.

9.8     The Stipulation may be amended or modified only by a written instrument signed by

or on behalf of all Settling Parties or their respective successors-in-interest.

9.9     The Stipulation and the Exhibits attached (together with the Supplemental Agreement

referred to in ¶8.3) hereto constitute the entire agreement among the Settling Parties and no

representations, warranties, or inducements have been made to any Settling Party concerning the

Stipulation or its Exhibits other than the representations, warranties, and covenants contained and

memorialized in such documents.  It is understood by the Settling Parties that, except for the matters

expressly represented herein, the facts or law with respect to which this Stipulation is entered into

may turn out to be different from the facts now known to each party or believed by such party to be

true; each party therefore expressly assumes the risk of the facts or law turning out to be so different, and agrees that this Stipulation shall be in all respects effective and not subject to termination by reason of any such different facts or law.  Except as otherwise provided herein (or, as between Defendants, in any agreement between them), each Settling Party shall bear its own costs.

9.10     Neither the Class Members nor Defendants shall be bound by the Stipulation if the Court modifies material terms thereof, provided, however, that it shall not be a basis for Class Members to terminate the Settlement if the Court modifies any proposed Plan of Distribution or criteria for allocation of the Net Settlement Fund amongst Class Members, or the Plan of Distribution is modified on appeal.  Nor shall it be a basis to terminate the Stipulation if the Court disapproves of or modifies the terms of this Stipulation with respect to attorneys' fees, charges or expenses, Lead Plaintiff's expenses or the distribution of the Net Settlement Fund.  Notwithstanding any such modification of the terms or Plan of Distribution or the Stipulation with respect to attorneys' fees, charges or expenses or Lead Plaintiff's expenses, Defendants shall be entitled to all benefits of the Settlement and shall not, under any circumstances, be called upon to contribute additional funds to the Settlement Fund.

9.11     Lead Counsel, on behalf of the Class, is expressly authorized by Lead Plaintiff to take all appropriate action required or permitted to be taken by the Class pursuant to the Stipulation to effectuate its terms and also is expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class which it deems appropriate.

9.12     Lead Plaintiff and Lead Counsel represent and warrant that none of Lead Plaintiff's claims or causes of action referred to in this Action or this Stipulation has been assigned, encumbered, or in any manner transferred in whole or in part.

843822_11

9.13     Each counsel or other Person executing the Stipulation or any of its Exhibits on behalf of any Settling Party hereby warrants that such Person has the full authority to do so.

9.14     The Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of executed counterparts shall be filed with the Court.

9.15     The section headings used throughout this Stipulation are for convenience only and shall not affect the interpretation of construction of this Stipulation.

9.16     The Stipulation shall be binding upon, and inure to the benefit of, the heirs, successors, and assigns of the Settling Parties hereto.

9.17     The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation and any related orders or judgments, and all Settling Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.

9.18     Pending approval of the Court of the Stipulation and its Exhibits, all proceedings in this Action shall be stayed and all members of the Class shall be barred and enjoined from prosecuting any of the Released Claims against any of the Released Persons.

9.19     This Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the State of Massachusetts, and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Massachusetts without giving effect to that State's choice-of-law principles.

843822_11

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated November 19, 2013.

SHAPIRO HABER & URMY LLP
THOMAS G. SHAPIRO (BBO # 454680)
ADAM M. STEWART (BBO # 661090)

THOMAS G. SHAPIRO

53 State Street
Boston, MA  02109
Telephone:  617/439-3939
617/439-0134 (fax)
tshapiro@shulaw.com
astewart@shulaw.com

Liaison Counsel for Lead Plaintiff

ROBBINS GELLER RUDMAN
   & DOWD LLP
SAMUEL H. RUDMAN
ROBERT M. ROTHMAN
ERIN W. BOARMAN

SAMUEL H. RUDMAN

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
eboardman@rgrdlaw.com

Lead Counsel for Lead Plaintiff

- 35 -

843822_11

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated November 19, 2013.

SHAPIRO HABER & URMY LLP
THOMAS G. SHAPIRO (BBO # 454680)
ADAM M. STEWART (BBO # 661090)

_____

THOMAS G. SHAPIRO

53 State Street
Boston, MA  02109
Telephone:  617/439-3939
617/439-0134 (fax)
tshapiro@shulaw.com
astewart@shulaw.com

Liaison Counsel for Lead Plaintiff

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
ROBERT M. ROTHMAN
ERIN W. BOARMAN

_____

SAMUEL H. RUDMAN

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
eboardman@rgrdlaw.com

Lead Counsel for Lead Plaintiff

843822_11

O'DONOGHUE & O'DONOGHUE LLP
LOUIS P. MALONE
4748 Wisconsin Avenue, N.W.
Washington, DC  20016
Telephone:  202/362-0041
202/362-2640 (fax)
lmalone@odonoghuelaw.com

Additional Counsel for Lead Plaintiff

CADWALADER, WICKERSHAM
  & TAFT LLP
GREGORY A. MARKEL
(*Admitted Pro Hac Vice*)
RONIT SETTON (*Admitted Pro Hac Vice*)

_____
          GREGORY A. MARKEL

One World Financial Center
New York, NY  10281
Telephone:  212/504-6000
212/504-6666 (fax)
greg.markel@cwt.com
ronit.setton@cwt.com

Counsel for Defendants Morgan Stanley & Co.
LLC, Deutsche Bank Securities Inc. and Jefferies
& Company, Inc.

- 36 -

843822_11

LATHAM & WATKINS LLP
PATRICK E. GIBBS
HILARY H. MATTIS

_____
               PATRICK E. GIBBS

140 Scott Drive
Menlo Park, CA  94025
Telephone:  650/328-4600
650/463-2600 (fax)
patrick.gibbs@lw.com

Counsel for American Superconductor
Corporation and the Individual Defendants

- 37 -

843822_11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

**<u>/s/ Adam M. Stewart_____</u>**

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

EASTERN DIVISION (BOSTON)

| | |
|---|---|
| DAVE LENARTZ, et al., Individually and on Behalf of All Others Similarly Situated, ) ) ) | Lead Case No. 1:11-cv-10582-WGY (**Consolidated**) |
| Plaintiffs, ) | CLASS ACTION |
| vs. ) ) | |
| AMERICAN SUPERCONDUCTOR CORPORATION, et al., ) ) ) | |
| Defendants. ) ) ) | |

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING
FOR NOTICE

EXHIBIT A

WHEREAS, a consolidated action is pending before this Court styled *Lenartz v. American Superconductor Corporation, et al.*, Lead Case No. 1:11-cv-10582-WGY (the "Action");

WHEREAS, on November 19, 2013, Plumbers and Pipefitters National Pension Fund ("Lead Plaintiff" or "Plumbers") and American Superconductor Corporation ("AMSC" or the "Company"); Gregory J. Yurek, David A. Henry, Daniel McGahn, Vikram S. Budhraja, Peter O. Crisp, Richard Drouin, David R. Oliver, Jr., John B. Vander Sande, John W. Wood, Jr. (collectively, the "Individual Defendants," and together with AMSC, the "AMSC Defendants"); and Morgan Stanley & Co. LLC, Deutsche Bank Securities Inc. and Jefferies & Company, Inc. (collectively, the "Underwriter Defendants") having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of this Action, in accordance with the Stipulation and Agreement of Settlement (the "Settlement Agreement") dated November 19, 2013 (the "Settlement Agreement"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a settlement of the Action and for dismissal of the Action with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Settlement Agreement and the Exhibits annexed thereto; and

WHEREAS, unless otherwise defined, all defined terms herein have the same meanings as set forth in the Settlement Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      The Court has reviewed the Settlement Agreement and does hereby preliminarily approve the Settlement Agreement and the Settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

2.      A hearing (the "Settlement Hearing") shall be held before this Court on [a date approximately 100 calendar days from the execution of this Order] _____, 2014, at ___

- 1 -

_.m., at the John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston, MA 02210, for the following purposes:

(a)     to determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate to the Class and should be approved by the Court; whether a Judgment as provided in ¶1.14 of the Settlement Agreement should be entered;

(b)     to determine whether the proposed Plan of Distribution should be approved; to determine any amount of attorneys' fees, charges and expenses that should be awarded to Lead Counsel; to determine any amount of expenses to be paid to Lead Plaintiff for its representation of the Class;

(c)     to hear any objections by Class Members to the Settlement Agreement or Plan of Distribution or any award of fees, charges and expenses to Lead Counsel or any expenses incurred by Lead Plaintiff in representing the Class; and to consider such other matters as the Court may deem appropriate; and

(d)     to rule upon such other matters the Court may deem appropriate.

3.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies a Class defined as all Persons who purchased AMSC common stock from July 29, 2010 through July 11, 2011, inclusive, as well as purchasers of the Company's common stock in or traceable to AMSC's public offering on or about November 12, 2010 ("Secondary Offering").  Excluded from the Class are:

(a)     Persons or entities who submit valid and timely requests for exclusion from the Class in accordance with the requirements set forth in the Notice; and

- 2 -

(b)     Defendants, members of the immediate family of any such Defendant, any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has or had a controlling interest during the Class Period, the officers and directors of the Company and the Underwriter Defendants during the Class Period, and legal representatives, agents, executors, heirs, successors or assigns of any such excluded Person.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds and concludes that the prerequisites for a class action under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied for the Class defined herein, and for the purposes of the Settlement only, that (a) the size of the Class is so numerous that it would be impracticable to join all Class Members as individual parties; (b) the claims of the Lead Plaintiff are typical of the claims of the Members of the Class; (c) there are questions of law and fact common to the Class which predominate over any individual question; (d) Lead Plaintiff and Lead Counsel have fairly and adequately represented the interests of the Class; and (e) a class action is the superior method for resolving the disputes between the parties.

5.      Should the Settlement not be finally approved or should the Settlement Agreement be terminated as provided therein, the Class shall be deemed decertified and entry of this Order shall not prejudice the rights of Defendants to oppose certification of this Action pursuant to Federal Rule of Civil Procedure 23.

6.      Pursuant to Rule 23(c) of the Federal Rules of Civil Procedure, the Court appoints the firm Kurtzman Carson Consultants LLC ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a)     Not later than ten (10) calendar days after the Court enters this Order, AMSC will use reasonable efforts to cause its transfer agent to provide to the Claims Administrator in a

computer-readable format, the last known names and addresses of all AMSC shareholders of record during the Class Period.  AMSC shall bear the expense of providing such names and addresses;

(b)     Not later than twenty (20) calendar days after the Court enters this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Proof of Claim and Release form, substantially in the forms annexed as Exhibits A-1 and A-2 hereto, to be mailed by First-Class Mail to all Class Members who can be identified with reasonable effort and to be posted on its website at http://classaction.kccllc.net/AmericanSuperconductor.com;

(c)     Not later than twenty (20) calendar days after the Court enters this Order, the Claims Administrator shall post the Settlement Agreement and all of its Exhibits on its website at http://classaction.kccllc.net/AmericanSuperconductor.com;

(d)     Not later than ten (10) calendar days after the Notice Date, the Claims Administrator shall cause the Summary Notice to be published once in the national edition of *Investor's Business Daily* and once over the *Business Wire*; and

(e)     Not later than twenty-one (21) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

7.     Pursuant to the Class Action Fairness Act ("CAFA"), no later than ten (10) calendar days after the Settlement Agreement is filed with the Court, AMSC shall cause proper notice of the proposed Settlement to be served upon the United States Attorney General and each State Attorney General.  Simultaneously, AMSC shall cause a copy of such notice as well as proof of service of such notice to be provided to counsel for Lead Plaintiff and Defendants.

8.     Nominees who purchased AMSC Common stock for the benefit of another Person during the period from July 29, 2010 through July 11, 2011, inclusive, including purchasers of the

Company's common stock in or traceable to AMSC's public offering on or about November 12, 2010, shall be requested to send the Notice and Proof of Claim and Release form to such beneficial owners of AMSC common stock within ten (10) calendar days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) calendar days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim and Release form to such beneficial owners.

9.      Other than the cost of providing AMSC's transfer records to the Claims Administrator and to pay for the CAFA notice and as otherwise provided for in the Settlement Agreement, all fees, costs, and expenses incurred in identifying and notifying Members of the Class shall be paid from the Settlement Fund and in no event shall Defendants bear any responsibility for such fees, costs, or expenses.

10.     All Members of the Class (except Persons who request exclusion pursuant to ¶13 below) shall be bound by all orders, determinations and judgments in the Action concerning the Settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Class, regardless of whether such Persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim and Release form or any similar document, any distribution from the Settlement Fund or the Net Settlement Fund.

11.     Class Members who wish to participate in the Settlement shall complete and submit the Proof of Claim and Release form in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Proofs of Claim and Release must be postmarked no later than ninety (90) calendar days from the Notice Date.  Any Class Member who does not submit a Proof of Claim and Release within the time provided shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall nevertheless be bound

844122_4

by any final judgment entered by the Court. Notwithstanding the foregoing, Lead Counsel shall have the discretion to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby.

12.     Any Member of the Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Lead Counsel.

13.     Any Person falling within the definition of the Class may, upon request, be excluded or "opt out" from the Class. Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), postmarked no later than fifty-five (55) calendar days after the Notice Date. A Request for Exclusion must be signed and state: (a) the name, address, and telephone number of the Person requesting exclusion; (b) the Person's purchases and sales of AMSC common stock from July 29, 2010 to July 11, 2011, inclusive, including the dates, the number of shares of AMSC common stock purchased or sold, and price paid or received for each such purchase or sale; and (c) that the Person wishes to be excluded from the Class. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Settlement Agreement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement Agreement or any final judgment.

14.     Copies of all Requests for Exclusion received shall be delivered to Defendants' counsel by the Claims Administrator or Lead Counsel within five (5) business days of receipt by the Claims Administrator but in no event later than seven (7) calendar days before the Settlement Hearing.

15.     Any Member of the Class may appear and object if he, she, or it has any reason why the Settlement of the Action should not be approved as fair, reasonable and adequate, or why a

judgment should not be entered thereon, why the Plan of Distribution should not be approved, why

attorneys' fees, charges and expenses should not be awarded to counsel for Lead Plaintiff; why the

Lead Plaintiff should not be paid for its expenses in representing the Class, provided, however, that

no Class Member or any other Person shall be heard or entitled to contest the approval of the terms

and conditions of the Settlement, or, if approved, the Judgment to be entered thereon approving the

same, or the order approving the Plan of Distribution, or any attorneys' fees, charges and expenses to

be awarded to Lead Counsel or why the Lead Plaintiff should not be paid for its expenses in

representing the Class, unless written objections and copies of any papers and briefs are received by

Robbins Geller Rudman & Dowd LLP, Robert M. Rothman, 58 South Service Road, Suite 200,

Melville, NY 11747; Robbins Geller Rudman & Dowd LLP, Jeffrey D. Light, 655 West Broadway,

Suite 1900, San Diego, CA 92101; Cadwalader, Wickersham & Taft LLP, Gregory A. Markel, One

World Financial Center, New York, NY 10281; Latham & Watkins LLP, Patrick E. Gibbs, 140 Scott

Drive, Menlo Park, CA 94025, on or before _____, 2014 [55 calendar days after the Notice

Date]; and said objections, papers, and briefs are filed with the Clerk of the United States District

Court for the District of Massachusetts, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way,

Suite 2300, Boston, MA 02210, on or before _____, 2014 [55 calendar days after the Notice

Date].   Any Member of the Class who does not make his, her, or its objection in the manner

provided shall be deemed to have waived such objection and shall forever be foreclosed from

making any objection to the fairness, reasonableness, or adequacy of the Settlement as incorporated

in the Settlement Agreement, to the Plan of Distribution, to the award of attorneys' fees, charges and

expenses to Lead Counsel, or to the payment of Lead Plaintiff's expenses in its representation of the

Class, unless otherwise ordered by the Court.   Attendance at the Settlement Hearing is not necessary;

however, persons wishing to be heard orally in opposition to the Settlement Agreement, to the Plan

of Distribution, to the award of attorneys' fees, charges and expenses to Lead Counsel, or the payment of Lead Plaintiff's expenses in its representation of the Class are required to indicate in their written objection their intention to appear at the hearing.  Persons who intend to object to the Settlement Agreement, to the Plan of Distribution, to the award of attorneys' fees, charges and expenses to Lead Counsel, or the payment of Lead Plaintiff's expenses in its representation of the Class must include in their written objections the identity of any witnesses they may call to testify and submit the exhibits they intend to introduce at the Settlement Hearing.  Class Members do not need to appear at the hearing or take any other action to indicate their approval.

16.     Pending final determination of whether the Settlement should be approved, Lead Plaintiff, all Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts any claims related to the Released Claims against the Released Persons.

17.     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Settlement Agreement and/or further order(s) of the Court.

18.     All papers in support of the Settlement, Plan of Distribution, and any application by Lead Counsel for attorneys' fees, charges and expenses and the expenses of Lead Plaintiff shall be filed and served no later than _____, 2014 [35 calendar days after the Notice Date] and any reply papers shall be filed and served at least seven (7) calendar days prior to the Settlement Hearing.

19.     The Released Persons shall have no responsibility for the Plan of Distribution or any application for attorneys' fees, charges or expenses submitted by Lead Counsel or expenses incurred

- 8 -

by Lead Plaintiff, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

20.     At or after the Settlement Hearing, the Court shall determine whether the Plan of Distribution proposed by Lead Counsel, and any application for attorneys' fees, charges and expenses and payment of Lead Plaintiff's expenses should be approved.

21.     All reasonable expenses incurred in identifying and notifying Class Members as well as administering the Settlement Fund shall be paid as set forth in the Settlement Agreement.  In the event the Court does not approve the Settlement, or it otherwise fails to become effective, neither Lead Plaintiff nor its counsel shall have any obligation to repay any amounts actually and properly incurred or disbursed pursuant to ¶¶3.6 or 3.7 of the Settlement Agreement.

22.     Neither the Settlement Agreement nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the Settlement (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Persons in any civil, criminal, or administrative proceedings in any court, administrative agency, or other tribunal; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal; or (c) is or may be deemed to be or may be used as an admission or evidence that any claims asserted by Lead Plaintiff were not valid or that the amount recoverable was not greater than the Settlement amount, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  Neither the Settlement Agreement nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the Settlement shall be admissible in any proceedings for any purpose,

- 9 -

except that the Released Persons may file the Settlement Agreement and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

23.     All proceedings in the Action are stayed until further order of this Court, consistent with the Court's May 17, 2013 Order, except as may be necessary to implement the Settlement or comply with the terms of the Settlement Agreement.  Pending approval of the Court of the Settlement Agreement and its Exhibits, all proceedings in this Action shall be stayed and all Members of the Class shall be barred and enjoined from prosecuting any of the Released Claims against any of the Released Persons.

24.     The Court reserves the right to alter the time or the date of the Settlement Hearing without further notice to the Members of the Class, provided that the time or the date of the Settlement Hearing shall not be set at a time or date earlier than the time and date set forth in ¶2 above, and retains jurisdiction to consider all further applications arising out of or connected with the Settlement.  The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

IT IS SO ORDERED.

DATED: _____     _____
                                   THE HONORABLE WILLIAM G. YOUNG
                                   UNITED STATES DISTRICT JUDGE

844122_4

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

EASTERN DIVISION (BOSTON)

| | | |
|---|---|---|
| DAVE LENARTZ, et al., Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Lead Case No. 1:11-cv-10582-WGY (**Consolidated**) |
| Plaintiffs, | ) ) | CLASS ACTION |
| vs. | ) ) ) | |
| AMERICAN SUPERCONDUCTOR CORPORATION, et al., | ) ) ) | |
| Defendants. | ) ) ) | |

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

EXHIBIT A-1

*IF YOU PURCHASED AMERICAN SUPERCONDUCTOR CORPORATION ("AMSC" OR THE "COMPANY") COMMON STOCK FROM JULY 29, 2010 THROUGH JULY 11, 2011, INCLUSIVE, AND/OR COMMON STOCK IN OR TRACEABLE TO AMSC'S PUBLIC OFFERING ON OR ABOUT NOVEMBER 12, 2010 ("SECONDARY OFFERING"), YOU MAY BE ENTITLED TO A PAYMENT FROM THIS CLASS ACTION SETTLEMENT.*[1]

A federal court authorized this Notice.  This is not a solicitation from a lawyer.

The purpose of this Notice is to inform you of (i) the pendency of this class action (the "Action"), (ii) the proposed Settlement of the Action with Defendants (defined below), and (iii) the hearing to be held by the Court to consider (a) whether the Settlement should be approved, (b) the application of Lead Plaintiff's counsel for attorneys' fees and expenses, and (c) certain other matters (the "Settlement Hearing").  This Notice describes important rights you may have and what steps you must take if you wish to participate in the Settlement or wish to be excluded from the Class (defined below).

**Security and Time Period:**  AMSC common stock purchased between July 29, 2010 and July 11, 2011, inclusive (the "Class Period"), and/or AMSC common stock purchased in or traceable to the Company's Secondary Offering.

**Settlement Fund:**  $8,200,000 in cash, plus the Settlement Stock valued at $1,800,000 to be paid pursuant to paragraph 3.1 of the Settlement Agreement.  Based on the information currently available to Lead Plaintiff and the analysis performed by its damage consultants, it is estimated that

---

[1]     This Notice incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated November 19, 2013 ("Settlement Agreement"), and all capitalized terms used, but not defined herein, shall have the same meanings as in the Settlement Agreement.  The Settlement Agreement can be obtained at http://classaction.kccllc.net/AmericanSuperconductor.com.

- 1 -

844541_6

if Class Members submit claims for 100% of the shares eligible for distribution under the Plan of

Distribution (described below), the estimated average distribution per share of common stock will be

approximately $0.12 before deduction of Court-approved fees, charges and expenses, including the

cost of notifying Members of the Class and settlement administration.  Historically, actual claims

rates are less than 100%, which result in higher distributions per share.  A Class Member's actual

recovery will be a proportion of the Net Settlement Fund determined by that claimant's recognized

claim as compared to the total recognized claims of all Class Members who submit valid Proof of

Claim and Release forms ("Proof of Claim").  An individual Class Member's actual recovery will

depend on, for example: (i) the total number of claims submitted; (ii) when the Class Member

purchased AMSC common stock during the Class Period; (iii) the purchase price paid; and (iv)

whether the AMSC common stock was held at the end of the Class Period or sold during the Class

Period or sold after the Class Period (and if sold, when it was sold and the amount received). *See* the

Plan of Distribution beginning on page [_] for more information on your recognized claim.

**Reasons for Settlement:**  Avoids the costs and risks associated with continued litigation,

including the danger of no recovery.

**If the Case Had Not Settled:**  Continuing with the case could have resulted in loss at

summary judgment, trial or on appeal.  The two sides vigorously disagree on both liability and the

amount of money that could have been won if Lead Plaintiff prevailed at trial.  The parties disagree

about: (1) the method for determining whether the price of AMSC common stock was artificially

inflated during the relevant period; (2) the amount of any such alleged inflation; (3) whether there

was any wrongdoing on the part of Defendants or material misstatements or omissions made by

Defendants; (4) the extent that various facts alleged by Lead Plaintiff influenced the trading price of

AMSC common stock during the Class Period; (5) whether the facts alleged were material, false,

- 2 -

misleading or otherwise actionable under the federal securities laws; (6) whether any purchasers of the common stock of AMSC have suffered damages as a result of the alleged misstatements and omissions in AMSC's public statements; and (7) the extent of such damages, assuming they exist.

Defendants expressly deny all of the claims and allegations of wrongdoing or liability made against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged in the Action by the Lead Plaintiff.  Defendants also maintain that they have meritorious defenses and deny that the Lead Plaintiff and the Class have suffered any harm or losses attributable to Defendants' actions.

**Attorneys' Fees and Expenses:**  Court-appointed Lead Plaintiff's counsel will ask the Court for attorneys' fees of 20% of the Settlement Fund and charges and expenses not to exceed $100,000 to be paid from the Settlement Fund plus interest.  Lead Plaintiff may also seek to be paid for its reasonable costs and expenses (including lost wages) directly relating to its representation of the Class.  Lead Plaintiff's counsel have not received any payment for their work investigating the facts, prosecuting this Action, and negotiating this Settlement on behalf of the Lead Plaintiff and the Class. If the above amounts are requested and approved by the Court, the average cost per share of common stock will be approximately $0.03.

**Deadlines:**

Submit Proof of Claim:          _____, 2014

Request Exclusion:              _____, 2014

File Objection:                 _____, 2014

**Court Hearing on Fairness of Settlement:** _____, 2014

**More Information:**  http://classaction.kccllc.net/AmericanSuperconductor.com or

- 3 -

Claims Administrator:

*AMSC Securities Litigation*
Claims Administrator
c/o KCC Class Action Services
P.O. Box 43212
Providence, RI 02940-3212
1-800-208-8843

_____

Representative of Lead Plaintiff's counsel:

Rick Nelson
c/o Shareholder Relations
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
1-800-449-4900

- Your legal rights are affected whether you act or do not act.  Read this Notice carefully.

- DO NOT CALL THE COURT WITH QUESTIONS ABOUT THE SETTLEMENT

### YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT

| | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to get a payment. |
| **EXCLUDE YOURSELF** | Get no payment.  This is the only option that allows you to participate in another lawsuit against the Defendants for the legal claims in this case. |
| **OBJECT** | You may write to the Court if you do not like the Settlement, the request for attorneys' fees, charges and expenses, the expenses requested by Lead Plaintiff for its representation of the Class or the Plan of Distribution. |
| **GO TO THE HEARING** | You may ask to speak in Court about the fairness of the Settlement, the request for attorneys' fees, charges and expenses, the expenses requested by Lead Plaintiff for its representation of the Class and the Plan of Distribution. |
| **DO NOTHING** | Get no payment.  Give up your rights. |

- 4 -

- These rights and options — ***and the deadlines to exercise them*** — are explained in this Notice.

- The Court in charge of this case must decide whether to approve the Settlement.  Payments will be made if the Court approves the Settlement and, if there are any appeals, after appeals are resolved.  Please be patient.

## BASIC INFORMATION

### 1.      Why Did I Get This Notice Package?

You or someone in your family may have purchased AMSC common stock between July 29, 2010 and July 11, 2011, inclusive, and/or common stock in or traceable to AMSC's November 12, 2010 Secondary Offering.

The Court directed that you be sent this Notice because you have a right to know about a proposed Settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the Settlement.  The Court will review the Settlement at a Settlement Hearing on _____, 2014, at the United States District Court for the District of Massachusetts, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston, Massachusetts 02210.  If the Court approves it and after any objections or appeals (if there are any) are resolved, the Claims Administrator appointed by the Court will make the payments that the Settlement allows.

This package explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the District of Massachusetts, and the case is known as *Lenartz v. American Superconductor Corporation, et al.*, Lead Case No. 1:11-cv-10582-WGY (the "Action").  The entity that sued, Plumbers and Pipefitters

- 5 -

National Pension Fund ("Lead Plaintiff" or "Plumbers Pension Fund"), is called the Lead Plaintiff, and the company and the individuals it sued, are AMSC; Gregory J. Yurek, David A. Henry, Daniel McGahn, Vikram S. Budhraja, Peter O. Crisp, Richard Drouin, David R. Oliver, Jr., John B. Vander Sande, John W. Wood, Jr. (collectively, the "Individual Defendants"); and Morgan Stanley & Co. LLC, Deutsche Bank Securities Inc. and Jefferies & Company, Inc. (the "Underwriter Defendants"). AMSC, the Individual Defendants and the Underwriter Defendants are collectively referred to as Defendants.

## 2.    What Is This Lawsuit About?

This is a securities class action asserting claims under the Securities Exchange Act of 1934 (the "Exchange Act") on behalf of purchasers of AMSC common stock from July 29, 2010 through July 11, 2011, inclusive (the "Class Period"), and claims under the Securities Act of 1933 (the "Securities Act") on behalf of purchasers in AMSC's Secondary Offering on November 12, 2010. Lead Plaintiff did not assert any claims under the Exchange Act against the Underwriter Defendants. Beginning on April 6, 2011, seven class actions were filed and on June 7, 2011, the Court ordered the seven actions consolidated and on June 20, 2011, Plumbers Pension Fund was appointed Lead Plaintiff and its choice of counsel was approved by the Court.

AMSC is a power technologies company that primarily sells electrical control systems, which power wind turbines, to wind turbine manufacturers.  In fiscal 2010, 72-79% of AMSC's reported revenues were derived from a single customer, Sinovel Wind Group Co., Ltd. ("Sinovel"), a China-based wind turbine manufacturer.

On August 31, 2011, Lead Plaintiff filed an amended complaint centering around allegations that during the Class Period and in the Registration Statement for the Company's Secondary Offering, Defendants artificially inflated AMSC's financial results by prematurely recognizing

revenue on shipments to Sinovel and other Chinese customers, in violation of Generally Accepted Accounting Principles ("GAAP") and the Company's publicly disclosed revenue recognition policy. As a result, Lead Plaintiff alleges that AMSC's recognition of fictitious revenues artificially inflated the price of the Company's stock during the Class Period and also allowed the Company to raise $163 million in proceeds in the Secondary Offering on November 12, 2010, at the artificially inflated price of $35.50 per share.

On October 14, 2011, Defendants filed motions to dismiss the amended complaint. Lead Plaintiff opposed the motions. On December 16, 2011, the Court directed Lead Plaintiff to file a second amended complaint, which Lead Plaintiff filed on February 13, 2012 (the "Complaint"), and which is the operative pleading.

On July 26, 2012, the Court issued its Memorandum and Order denying in part and granting in part Defendants' motions. Specifically, the Court sustained Lead Plaintiff's Securities Act claims and dismissed Lead Plaintiff's Exchange Act claims, *without* prejudice. Defendants answered the Complaint on August 23, 2012.

On March 5, 2013, Lead Plaintiff and Defendants engaged in a mediation with the assistance of an experienced mediator. This initial discussion did not result in a resolution of the Action, but the parties continued to engage in constructive dialogue following the mediation. Following lengthy, arm's-length negotiations, the parties reached an agreement-in-principle to settle the claims against Defendants in May 2013.

Defendants deny all of Lead Plaintiff's allegations and that they did anything wrong. Defendants also deny that the Lead Plaintiff or the Class suffered damages, or that the price of AMSC common stock was artificially inflated by reasons of the alleged misrepresentations or omissions.

- 7 -

### 3.      Why Is This Action a Class Action?

In a class action, one or more people called class representatives (in this case the Court-appointed Lead Plaintiff Plumbers Pension Fund) sue on behalf of people who have similar claims. All of these people and/or entities are called a Class or Class Members.  One court resolves the issues for all Class Members, except for those who exclude themselves from the Class.  The Honorable William G. Young is the judge overseeing this class action.

### 4.      Why Is There a Settlement?

The Court did not decide in favor of Lead Plaintiff or Defendants.  Instead, the lawyers for both sides of the lawsuit, with the assistance of a mediator, have negotiated a settlement that they believe is in the best interests of their respective clients.  The Settlement allows both sides to avoid the risks and cost of lengthy and uncertain litigation and the uncertainty of a trial and appeals, and permits Class Members to be compensated without further delay.  The Lead Plaintiff and its attorneys think the Settlement is best for all Class Members.

### WHO IS IN THE SETTLEMENT

To see if you will get money from this Settlement, you first have to determine if you are a Class Member.

### 5.      How Do I Know if I Am Part of the Settlement?

The Class includes *all Persons who purchased AMSC common stock from July 29, 2010 through July 11, 2011, inclusive, as well as purchasers of the Company's common stock in or traceable to AMSC's public offering on or about November 12, 2010, except those persons and entities that are excluded, as described below.*

**6.     What Are the Exceptions to Being Included?**

You are not a Class Member if you submit a valid and timely request for exclusion from the

Class *or* if you are a Defendant, a member of the immediate family of any such Defendant, a person,

firm, trust, corporation, officer, director or other individual or entity in which any Defendant has or

had a controlling interest during the Class Period, an officer or director of the Company or an

Underwriter Defendant during the Class Period, or a legal representative, agent, executor, heir,

successor or assign of any such excluded Person.

If you sold shares of AMSC common stock between July 29, 2010 and July 11, 2011,

inclusive, that alone does not make you a Class Member.  You are a Class Member only if you

*purchased* shares of AMSC common stock between July 29, 2010 and July 11, 2011, inclusive, or

purchased the Company's common stock in or traceable to AMSC's Secondary Offering on or about

November 12, 2010.

**7.     I'm Still Not Sure if I Am Included.**

If you are still not sure whether you are included, you can ask for free help.  You can call the

Claims Administrator at 1-800-208-8843, or Lead Counsel listed in Question 25 for more

information.  Or you can fill out and return the claim form described in Question 10, to see if you

qualify.

**THE SETTLEMENT BENEFITS — WHAT YOU GET**

**8.     What Does the Settlement Provide?**

AMSC, on behalf of Defendants, has agreed to pay $8,200,000 in cash, plus the Settlement

Stock valued at $1,800,000 to be paid pursuant to paragraph 3.1 of the Settlement Agreement, to be

divided among all eligible Class Members who submit valid claim forms, after payment of Court-

approved attorneys' fees, charges and expenses and expenses of Lead Plaintiff in its representation

- 9 -

of the Class; and the costs of claims administration, including the costs of printing and mailing this Notice and the cost of publishing the summary notice.

### 9.      How Much Will My Payment Be?

Your share of the fund will depend on the number of valid claim forms that Class Members submit and how many shares of AMSC common stock you purchased during the relevant period and when you bought and sold them.  For purposes of determining the amount an Authorized Claimant may recover under the Plan of Distribution, Lead Plaintiff's counsel conferred with their damage consultants and the Plan of Distribution reflects a fair and reasonable distribution of the Net Settlement Fund based on the risks of continued litigation and the procedural posture of the Action.

In the unlikely event there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's claim, as defined below.  If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total claim of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's claim bears to the total of the claims of all Authorized Claimants.  Payment in this manner shall be deemed conclusive against all Authorized Claimants.

A claim will be calculated as follows:

### Section 10(b) Claim

(Not including shares purchased in the Secondary Offering on or about November 12, 2010) (Because the Court dismissed Lead Plaintiff's Section 10(b) claims *without* prejudice, the claims for Section 10(b) are being discounted by 75%)

For shares of AMSC common stock *purchased on or between July 29, 2010 through July 11, 2011*, the claim per share shall be as follows:

- 10 -

(a)      If sold on or between July 29, 2010 through July 11, 2011, the claim per share shall be the lesser of:

     (i)      the inflation in Table A at the time of purchase less the inflation in Table A at the time of sale; or

     (ii)      the difference between the purchase price and the selling price.

(b)      If retained at the end of July 11, 2011 and sold before October 8, 2011, the claim per share shall be the lesser of:

     (i)      the inflation in Table A at the time of purchase;

     (ii)      the difference between the purchase price and the selling price; or

     (iii)      the difference between the purchase price and the average closing price from July 12, 2011 up to the date of sale as set forth in Table B below.

(c)      If retained at the end of October 7, 2011 (the close of the 90-day look-back period),[2] the claim per share shall be the lesser of:

     (i)      the inflation in Table A at the time of purchase; or

     (ii)      the difference between the purchase price per share and $6.15 per share.

### Section 11 Claim

(Only for shares purchased in the Secondary Offering on or about November 12, 2010)

For shares of AMSC common stock **purchased in the Secondary Offering on or about November 12, 2010**, the claim per share shall be as follows:

(a)      If sold prior to May 13, 2011, the claim per share shall be the difference between the Offering Price of $35.50 per share and the sales price per share.

(b)      If retained at the end of May 12, 2011, the claim per share shall be the difference between the Offering Price of $35.50 per share and $11.70 per share.

---

[2]      The Private Securities Litigation Reform Act of 1995 (the "PSLRA") provides for a 90-day look-back period which is incorporated into the calculation of the Section 10(b) Recognized Loss Amount.  Under this provision, losses on securities purchased during the Class Period and held as of the end of the PSLRA 90-day look-back period cannot exceed the difference between the purchase price paid and the average price during the PSLRA 90-day look-back period.  Losses on securities purchased during the Class Period and sold during the PSLRA 90-day look-back period cannot exceed the difference between the purchase price paid during the Class Period and the rolling average of the closing stock prices during the PSLRA 90-day look-back period as of the date of sale.

844541_6

**TABLE A**

| Time Period | Inflation |
|---|---|
| July 29, 2010 – November 1, 2010 | $11.31 |
| November 2, 2010 – December 12, 2010 | $14.69 |
| December 13, 2010 – January 31, 2011 | $12.10 |
| February 1, 2011 – March 13, 2011 | $13.99 |
| March 14, 2011 – April 5, 2011 | $13.02 |
| April 6, 2011 – May 31, 2011 | $2.60 |
| June 1, 2011 – July 11, 2011 | $0.35 |

**TABLE B**

| Sales Date | Closing Price | Average Closing Price from July 12, 2011 through Sales Date | | Sales Date | Closing Price | Average Closing Price from July 12, 2011 through Sales Date |
|---|---|---|---|---|---|---|
| 7/12/2011 | $8.12 | $8.12 | | 8/25/2011 | $6.14 | $6.86 |
| 7/13/2011 | $7.98 | $8.05 | | 8/26/2011 | $6.40 | $6.85 |
| 7/14/2011 | $7.82 | $7.97 | | 8/29/2011 | $6.99 | $6.85 |
| 7/15/2011 | $7.70 | $7.91 | | 8/30/2011 | $7.26 | $6.86 |
| 7/18/2011 | $7.22 | $7.77 | | 8/31/2011 | $6.87 | $6.86 |
| 7/19/2011 | $7.59 | $7.74 | | 9/1/2011 | $6.60 | $6.86 |
| 7/20/2011 | $7.78 | $7.74 | | 9/2/2011 | $6.09 | $6.84 |
| 7/21/2011 | $7.94 | $7.77 | | 9/6/2011 | $6.10 | $6.82 |
| 7/22/2011 | $7.92 | $7.79 | | 9/7/2011 | $6.48 | $6.81 |
| 7/25/2011 | $7.75 | $7.78 | | 9/8/2011 | $6.20 | $6.79 |
| 7/26/2011 | $7.79 | $7.78 | | 9/9/2011 | $6.04 | $6.78 |
| 7/27/2011 | $7.67 | $7.77 | | 9/12/2011 | $6.17 | $6.76 |
| 7/28/2011 | $7.43 | $7.75 | | 9/13/2011 | $6.61 | $6.76 |
| 7/29/2011 | $7.32 | $7.72 | | 9/14/2011 | $7.08 | $6.77 |
| 8/1/2011 | $7.16 | $7.68 | | 9/15/2011 | $6.01 | $6.75 |
| 8/2/2011 | $6.62 | $7.61 | | 9/16/2011 | $5.33 | $6.72 |
| 8/3/2011 | $6.89 | $7.57 | | 9/19/2011 | $5.23 | $6.69 |
| 8/4/2011 | $6.15 | $7.49 | | 9/20/2011 | $5.02 | $6.66 |
| 8/5/2011 | $6.16 | $7.42 | | 9/21/2011 | $4.75 | $6.62 |
| 8/8/2011 | $5.75 | $7.34 | | 9/22/2011 | $4.47 | $6.58 |
| 8/9/2011 | $6.43 | $7.29 | | 9/23/2011 | $5.08 | $6.55 |
| 8/10/2011 | $5.99 | $7.24 | | 9/26/2011 | $4.66 | $6.52 |
| 8/11/2011 | $6.22 | $7.19 | | 9/27/2011 | $4.27 | $6.47 |
| 8/12/2011 | $6.98 | $7.18 | | 9/28/2011 | $3.88 | $6.43 |
| 8/15/2011 | $6.84 | $7.17 | | 9/29/2011 | $4.46 | $6.39 |
| 8/16/2011 | $6.37 | $7.14 | | 9/30/2011 | $3.93 | $6.35 |
| 8/17/2011 | $6.23 | $7.10 | | 10/3/2011 | $3.42 | $6.30 |
| 8/18/2011 | $5.73 | $7.06 | | 10/4/2011 | $3.67 | $6.26 |
| 8/19/2011 | $5.41 | $7.00 | | 10/5/2011 | $3.88 | $6.22 |
| 8/22/2011 | $5.13 | $6.94 | | 10/6/2011 | $4.13 | $6.19 |
| 8/23/2011 | $5.85 | $6.90 | | 10/7/2011 | $3.85 | $6.15 |
| 8/24/2011 | $6.31 | $6.88 | | | | |

- 13 -

For Class Members who held AMSC common stock at the beginning of the Class Period or made multiple purchases or sales during the Class Period, the first-in, first-out ("FIFO") method will be applied to such holdings, purchases, and sales for purposes of calculating a claim. Under the FIFO method, sales of AMSC common stock during the Class Period will be matched in chronological order, first against common stock held at the beginning of the Class Period. The remaining sales of AMSC common stock during the Class Period will then be matched, in chronological order, against like AMSC common stock purchased during the Class Period.

An Authorized Claimant will be eligible to receive a distribution from the Net Settlement Fund only if a Class Member had a net loss, after all profits from transactions in AMSC common stock during the Class Period are subtracted from all losses. However, the proceeds from sales of AMSC common stock which have been matched against AMSC common stock held at the beginning of the Class Period will not be used in the calculation of such net loss. In addition, no distributions will be made to Class Members who would receive a net distribution of less than $10.00.

The Court has reserved jurisdiction to allow, disallow or adjust the claim of any Class Member on equitable grounds.

Payment pursuant to the Plan of Distribution set forth above shall be conclusive against all Authorized Claimants. No Person shall have any claim against Lead Plaintiff, Plaintiffs' Counsel, any claims administrator or other Person designated by Lead Plaintiff's counsel or Defendants and/or the Related Parties and/or the Released Persons and/or their counsel based on distributions made substantially in accordance with the Settlement Agreement and the Settlement contained therein, the Plan of Distribution, or further orders of the Court. All Class Members who fail to complete and file a valid and timely Proof of Claim shall be barred from participating in distributions from the Net Settlement Fund (unless otherwise ordered by the Court), but otherwise shall be bound by all of the

- 14 -

terms of the Settlement Agreement, including the terms of any judgment entered and the releases

given.  The Plan of Distribution is separate from the Settlement and any decision by the Court

regarding the Plan of Distribution will not affect the finality of approval of the Settlement.

## HOW YOU GET A PAYMENT — SUBMITTING A CLAIM FORM

### 10.      How Will I Get a Payment?

To qualify for payment, you must be an eligible Class Member and you must send in a claim

form.  A claim form is enclosed with this Notice.[3]  Read the instructions carefully, fill out the form,

include all the documents the form asks for, sign it, and mail it in the enclosed envelope postmarked

no later than _____, 2014.

### 11.      When Will I Get My Payment?

The Court will hold the Settlement Hearing on _____, 2014, to decide whether

to approve the Settlement.  If Judge Young approves the Settlement, there may be appeals.  It is

always uncertain whether these appeals can be resolved favorably, and resolving them can take time,

perhaps several years.  It also takes time for all the claim forms to be processed.  Everyone who

sends in a claim form will be informed of the determination with respect to their claim.  Please be

patient.

### 12.      What Am I Giving Up to Get a Payment or Stay in the Class?

Unless you exclude yourself, you are staying in the Class, and that means that you cannot

sue, continue to sue, or be part of any other lawsuit against the Defendants about the same issues in

this case or that could have been asserted in this case.  It also means that all of the Court's orders

---

[3]     A     claim     form     can     also     be     obtained     at
http://classaction.kccllc.net/AmericanSuperconductor.com.

- 15 -

will apply to you and legally bind you and you will release your Released Claims (defined below) in this case against the Released Persons (defined below):

"Related Parties" means each and all of Defendants and each and all of their respective present or former parents, subsidiaries, affiliates (as defined in 17 C.F.R. §210.1-02(b)), successors and assigns, predecessors, and each and all of the respective present or former officers, directors, employees, employers, members, attorneys, accountants, financial advisors, commercial bank lenders, investment bankers, representatives, general and limited partners and partnerships, any person, firm, trust, corporation, officer, director, or other individual or entity in which they have a controlling interest and any trust of which any Defendant is a settlor, trustee or beneficiary, heirs, executors, administrators, successors, affiliates, and assigns of each of them.

"Released Claims" means any and all claims, rights, and causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities of every nature and description, whether known or unknown (including, but not limited to, "Unknown Claims"), whether arising under federal, state, statutory, common or administrative law or any other law, rule, or regulation whether based in law or equity, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, that arise out of both (i) the purchase of AMSC common stock during the Class Period and/or in or traceable to the Secondary Offering and (ii) any of the allegations, transactions, facts, events, matters, occurrences, acts, disclosures, statements, representations or omissions or failures to act, involved, set forth, or referred to in the Complaint or that could have been asserted in the Action.  Released Claims do not include the Settling Parties' ability to enforce confidentiality agreements and obligations concerning information provided in connection with the Action.

"Released Persons" means each and all of Defendants and their Related Parties and Defendants' insurers and reinsurers.

"Unknown Claims" means any and all Released Claims which Lead Plaintiff or any Class Member does not know or suspect, or should have known or suspected, to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision(s) not to object to this Settlement.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff shall expressly and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived to the fullest extent permitted by law the provisions, rights, and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Lead Plaintiff shall expressly and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542.  Lead Plaintiff and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiff shall expressly, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent,

- 17 -

whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of

law or equity now existing or coming into existence in the future, including, but not limited to,

conduct that is negligent, intentional, with or without malice, or a breach of any duty, law, or rule,

without regard to the subsequent discovery or existence of such different or additional facts.  Lead

Plaintiff acknowledges, and the Class Members shall be deemed by operation of the Judgment to

have acknowledged, that the foregoing waiver and inclusion of "Unknown Claims" was separately

bargained for and a key element of the Settlement of which this release is a part.

**EXCLUDING YOURSELF FROM THE SETTLEMENT**

If you do not want a payment from the Settlement, but you want to keep any right you may

have to sue or continue to sue the Defendants and the Released Persons on your own about the same

Released Claims, then you must take steps to get out of the Class.  This is called excluding yourself

or is sometimes referred to as opting out of the Class.

**13.    How Do I Get Out of the Class?**

To exclude yourself from the Class, you must send a letter by mail stating that you want to be

excluded from *Lenartz v. American Superconductor Corporation, et al.*, Lead Case  No. 1:11-cv-

10582-WGY.  You must include your name, address, telephone number, the number of shares of

AMSC common stock purchased from July 29, 2010 through July 11, 2011, inclusive, the number of

shares sold, if any, and the dates of such purchases and sales.  You must mail your exclusion request

so that it is postmarked no later than _____, 2014 to:

> *AMSC Securities Litigation*
> Claims Administrator
> c/o KCC Class Action Services
> P.O. Box 43212
> Providence, RI  02940-3212

- 18 -

You cannot exclude yourself on the phone or by e-mail.  If you ask to be excluded, you are not eligible to get any settlement payment, and you cannot object to the Settlement.  You will not be legally bound by anything that happens in this lawsuit.

**14.    If I Do Not Exclude Myself, Can I Sue the Defendants for the Same Thing Later?**

No.  Unless you exclude yourself, you give up any right to sue the Defendants for the Released Claims.  If you have a pending lawsuit against any of the Defendants or any Released Persons, speak to your lawyer in that case immediately.  Remember, the exclusion deadline is _____, 2014.

**15.    If I Exclude Myself, Can I Get Money from the Settlement?**

No.  If you exclude yourself, do not send in a Proof of Claim form.  But, you may sue, continue to sue, or be part of a different lawsuit against the Defendants or any Released Person asserting a Released Claim.

**THE LAWYERS REPRESENTING YOU**

**16.    Do I Have a Lawyer in This Case?**

The Court appointed the law firm of Robbins Geller Rudman & Dowd LLP to represent you and other Class Members.  These lawyers are called Lead Counsel.  The Court also appointed Shapiro Haber & Urmy LLP as Liaison Counsel.  These lawyers will apply to the Court for payment from the Settlement Fund; you will not otherwise be charged for their work.  If you want to be represented by your own lawyer, you may hire one at your own expense.

**17.    How Will the Lawyers Be Paid?**

At the Settlement Hearing, Lead Plaintiff's counsel will request the Court to award attorneys' fees of 20% of the Settlement Fund and for charges and expenses up to $100,000, which were incurred in connection with the Action.  Lead Plaintiff may seek to be paid for its reasonable costs

- 19 -

and expenses (including lost wages) in its representation of the Class.  If awarded, the average cost

per share of common stock will be $0.03.  This compensation will be paid from the Settlement Fund.

Class Members are not personally liable for any such fees or expenses.  To date, Lead Plaintiff's

counsel have not received any payment for their services in conducting this Action on behalf of the

Lead Plaintiff and the Class, nor have counsel been paid for their charges or expenses.  The fee

requested will compensate Lead Plaintiff's counsel for their work in achieving the Settlement Fund

and is within the range of fees awarded to class counsel under similar circumstances in other cases of

this type.  The Court may award less than this amount.

**OBJECTING TO THE SETTLEMENT**

You can tell the Court that you do not agree with the Settlement, the Plan of Distribution,

Lead Plaintiff's counsel's request for an award of attorneys' fees, charges and expenses or Lead

Plaintiff's request for its expenses in representing the Class.

18.  **How Do I Tell the Court that I Do Not Like the Settlement, the Plan of Distribution, Lead Plaintiff's Counsel's Request for an Award of Attorneys' Fees and Expenses and/or Lead Plaintiff's Request for Payment of Its Expenses in Representing the Class?**

If you are a Class Member (and have not excluded yourself from the Class), you can object to

the Settlement, the Plan of Distribution, Lead Plaintiff's counsel's request for an award of attorneys'

fees, charges and expenses and/or Lead Plaintiff's request for payment of its expenses in

representing the Class.  You can give reasons why you think the Court should not approve it.  The

Court will consider your views.  To object, you must send a letter saying that you object to the

Settlement in *Lenartz v. American Superconductor Corporation, et al.*, Lead Case No. 1:11-cv-

10582-WGY.  Be sure to include your name, address, telephone number, your signature, and the

number of shares of AMSC common stock you purchased from July 29 through July 11, 2011,

- 20 -

inclusive.  Any objection must be mailed or delivered such that it is received by each of the following no later than _____, 2014:

> *Court*:
>
> Clerk of the Court
> UNITED STATES DISTRICT COURT
> DISTRICT OF MASSACHUSETTS
> John Joseph Moakley U.S. Courthouse
> 1 Courthouse Way, Suite 2300
> Boston, MA  02210
>
> *Counsel for Lead Plaintiff*:
>
> ROBBINS GELLER RUDMAN
>    & DOWD LLP
> JEFFREY D. LIGHT
> 655 West Broadway, Suite 1900
> San Diego, CA  92101
>
> ROBBINS GELLER RUDMAN
>    & DOWD LLP
> ROBERT M. ROTHMAN
> 58 South Service Road, Suite 200
> Melville, NY  11747
>
> *Counsel for Defendants:*
>
> CADWALADER, WICKERSHAM
>    & TAFT LLP
> GREGORY A. MARKEL
> One World Financial Center
> New York, NY  10281
>
> LATHAM & WATKINS LLP
> PATRICK E. GIBBS
> 140 Scott Drive
> Menlo Park, CA  94025

**19.     What's the Difference Between Objecting and Excluding?**

Objecting is simply telling the Court that you do not like something about the Settlement.

You can object *only if* you stay in the Class.  Excluding yourself is telling the Court that you do not

- 21 -

want to be part of the Class.  If you exclude yourself, you have no basis to object because the case no longer affects you.

**THE COURT'S SETTLEMENT HEARING**

The Court will hold a hearing to decide whether to approve the Settlement.  You may attend and you may ask to speak, but you do not have to.

**20.   When and Where Will the Court Decide Whether to Approve the Settlement?**

The Court will hold the Settlement Hearing at _____ _.m., on _____, 2014, in Courtroom 18 of the United States District Court for the District of Massachusetts, at the John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston, MA 02210.  At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate.  If there are objections, the Court will consider them.  Judge Young will listen to people who have asked to speak at the hearing.  The Court will also consider whether to approve Lead Plaintiff's counsel's request for an award of attorneys' fees, charges and expenses, Lead Plaintiff's request for its payment of expenses incurred in representing the Class, and the Plan of Distribution.  The Court may decide these issues at the hearing or take them under consideration.  We do not know how long these decisions will take. The Court may adjourn or continue the Settlement Hearing without further notice to the Class.

**21.   Do I Have to Come to the Hearing?**

No.  Lead Plaintiff's counsel will answer questions Judge Young may have.  But, you are welcome to come at your own expense.  If you send an objection, you do not have to come to Court to talk about it.  As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

- 22 -

**22.     May I Speak at the Hearing?**

You may ask the Court for permission to speak at the Settlement Hearing.  To do so, you must send a letter saying that it is your intention to appear in *Lenartz v. American Superconductor Corporation, et al.*, Lead Case  No. 1:11-cv-10582-WGY.  Be sure to include your name, address, telephone number, your signature, and the number of shares of AMSC common stock you purchased from July 29, 2010 through July 11, 2011, inclusive.  Your notice of intention to appear must be received no later than _____, 2014, by the Clerk of the Court, counsel for Lead Plaintiff, and Defendants' counsel, at the addresses listed in Question 18.  You cannot speak at the hearing if you exclude yourself from the Class because the Settlement no longer affects you.  You also cannot speak at the hearing if you have not provided written notice of your intention to speak at the Settlement Hearing, unless the Court orders otherwise.

## IF YOU DO NOTHING

**23.     What Happens if I Do Nothing at All?**

If you do nothing, you will get no money from the Settlement.  But, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendants or any Released Person about the same issues in this case.

## GETTING MORE INFORMATION

**24.     Are There More Details About the Settlement?**

This Notice summarizes the proposed Settlement.  More details are in the Settlement Agreement.     You   can   get   a   copy   of   the   Settlement   Agreement   at http://classaction.kccllc.net/AmericanSuperconductor.com or by writing to or calling Rick Nelson, c/o Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, 1-800-449-4900, or from the Clerk's office at the United States District Court

- 23 -

for the District of Massachusetts, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Suite

2300, Boston, MA 02210, during regular business hours.

      **25.**    **How Do I Get More Information?**

      You can call 1-800-449-4900 or write to Rick Nelson, c/o Shareholder Relations, Robbins

Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, or visit the

Claims Administrator's website at http://classaction.kccllc.net/AmericanSuperconductor.com, call

the Claims Administrator toll-free at (800)208-8843, or send an email to

AmericanSuperconductor@kccllc.com.

***DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE***

**SPECIAL NOTICE TO BANK, BROKERS, AND OTHER NOMINEES**

      If you hold any shares of AMSC common stock purchased between July 29, 2010 and July

11, 2011, inclusive, and/or AMSC common stock purchased in or traceable to AMSC's Secondary

Offering on or about November 12, 2010, as nominee for a beneficial owner, then, within seven (7)

business days after you receive this Notice, you must either: (1) send a copy of this Notice by First-

Class Mail to all such Persons; or (2) provide a list of the names and addresses of such Persons to the

Claims Administrator:

> *AMSC Securities Litigation*
> Claims Administrator
> c/o KCC Class Action Services
> P.O. Box 43212
> Providence, RI  02940-3212
> 1-800-208-8843

      If you choose to mail the Notice and Proof of Claim yourself, you may obtain from the

Claims Administrator (without cost to you) as many additional copies of these documents as you

will need to complete the mailing.

- 24 -

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for, or advancement of, reasonable administrative costs actually incurred or expected to be incurred in connection with forwarding the Notice and Proof of Claim and which would not have been incurred but for the obligation to forward the Notice and Proof of Claim, upon submission of appropriate documentation to the Claims Administrator.

DATED: _____, 2013       BY ORDER OF THE COURT
                                          UNITED STATES DISTRICT COURT
                                          DISTRICT OF MASSACHUSETTS

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

EASTERN DIVISION (BOSTON)

| | | |
|---|---|---|
| DAVE LENARTZ, et al., Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Lead Case No. 1:11-cv-10582-WGY (**Consolidated**) |
| Plaintiffs, | ) ) | CLASS ACTION |
| vs. | ) ) | |
| AMERICAN SUPERCONDUCTOR CORPORATION, et al., | ) ) ) | |
| Defendants. | ) ) ) | |

PROOF OF CLAIM AND RELEASE

EXHIBIT A-2

## I.    GENERAL INSTRUCTIONS

1.    To recover as a Member of the Class based on your claims in the action entitled

*Lenartz v. American Superconductor Corporation, et al.*, Lead Case No. 1:11-cv-10582-WGY (the

"Action"),[1] you must complete and, on page ___ hereof, sign this Proof of Claim and Release form

("Proof of Claim").  If you fail to file a properly addressed (as set forth in paragraph 3 below) Proof

of Claim, your claim may be rejected and you may be precluded from any recovery from the

Settlement Fund created in connection with the proposed Settlement of the litigation.

2.    Submission of this Proof of Claim, however, does not assure that you will share in the

proceeds of the Settlement of the litigation.

3.    YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM

POSTMARKED ON OR BEFORE _____, ADDRESSED AS FOLLOWS:

> *AMSC Securities Litigation*
> Claims Administrator
> c/o KCC Class Action Services
> P.O. Box 43212
> Providence, RI  02940-3212

If you are NOT a Member of the Class (as defined in the Notice of Pendency and Proposed

Settlement of Class Action ("Notice")) DO NOT submit a Proof of Claim.

4.    If you are a Member of the Class and you did not timely and validly request exclusion

in connection with the proposed Settlement, you are bound by the terms of any judgment entered in

---

[1]    This Proof of Claim incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated November 19, 2013 ("Settlement Agreement"), and all capitalized terms used, but not defined herein, shall have the same meanings as in the Settlement Agreement. The Settlement Agreement can be obtained at http://classaction.kccllc.net/AmericanSuperconductor.com.

844583_6

the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM.

## II.     CLAIMANT IDENTIFICATION

If you purchased shares of AMSC common stock during the period of July 29, 2010 through July 11, 2011, inclusive (the "Class Period") and held the certificate(s) in your name, you are the beneficial purchaser as well as the record purchaser.  If, however, you purchased shares of AMSC common stock during the Class Period and the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

Use Part I of this form entitled "Claimant Identification" to identify each purchaser of record ("nominee"), if different from the beneficial purchaser of AMSC common stock which form the basis of this claim.   THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S), OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S), OF THE AMSC COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

All joint purchasers must sign this claim.  Executors, administrators, guardians, conservators, and trustees must complete and sign this claim on behalf of Persons represented by them and their authority must accompany this claim and their titles or capacities must be stated.  The Social Security (or taxpayer identification) number and telephone number of the beneficial owner(s) may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## III.    IDENTIFICATION OF TRANSACTION(S)

Use Part II of this form entitled "Schedule of Transactions in AMSC Common Stock" to supply all required details of your transaction(s) in AMSC common stock.  If you need more space

- 2 -

or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to ***all*** of your purchases of shares of AMSC common stock which took place at any time between July 29, 2010 and October 7, 2011, inclusive, including any common stock purchased in or traceable to the Company's Secondary Offering on or about November 12, 2010 and ***all*** of your sales of AMSC common stock which took place at any time between July 29, 2010 and October 7, 2011, inclusive, whether such transactions resulted in a profit or a loss.  You must also provide all of the requested information with respect to ***all*** of the shares of AMSC common stock you held at the beginning of trading on July 29, 2010, and at the close of trading on July 11, 2011 and October 7, 2011.  Failure to report all such transactions may result in the rejection of your claim.

List each transaction separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day, and year of each transaction you list.

The date of covering a "short sale" is deemed to be the date of purchase of AMSC common stock.  The date of a "short sale" is deemed to be the date of sale of AMSC common stock.

Copies of broker confirmations or other documentation of your transactions in AMSC common stock should be attached to your claim.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

844583_6

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

*Lenartz v. American Superconductor Corporation, et al.*,

Lead Case No. 1:11-cv-10582-WGY

PROOF OF CLAIM AND RELEASE

Must Be Postmarked No Later Than:

_____, 2014

<u>Please Type or Print</u>

PART I:        CLAIMANT IDENTIFICATION

_____

Beneficial Owner's Name (First, Middle, Last)

_____

Street Address

_____        _____

City                                                      State or Province

_____        _____

Zip Code or Postal Code                            Country

_____    _____        Individual
Social Security Number or           _____        Corporation/Other
Taxpayer Identification Number

_____    _____

Area Code              Telephone Number (work)

_____    _____

Area Code              Telephone Number (home)

_____

Record Owner's Name (if different from beneficial owner listed above)

844583_6

PART II:        SCHEDULE OF TRANSACTIONS IN AMSC COMMON STOCK

A.        Number of shares of AMSC common stock held at the beginning of trading on July 29, 2010: _____

B.        Purchases (July 29, 2010 – October 7, 2011, inclusive) of AMSC common stock.  Do not list AMSC common stock that you purchased in or traceable to AMSC's Secondary Offering in this Section B.  Please list those purchases in Section C below.

| Trade Date Month Day Year | Number of Shares Purchased | Total Purchase Price[2] |
|---|---|---|
| 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ |

C.        Purchases of AMSC common stock in or traceable to AMSC's Secondary Offering on or about November 12, 2010:

| Trade Date Month Day Year | Number of Shares Purchased | Total Purchase Price* |
|---|---|---|
| 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ |

IMPORTANT: Identify by number listed above all purchases in which you covered a "short sale": _____

---

[2]        *Excluding taxes, fees, and commissions.

844583_6

D.      Sales (July 29, 2010 – October 7, 2011, inclusive) of AMSC common stock:

| Trade Date Month Day Year | Number of Shares Sold | Total Sales Price* |
|---|---|---|
| 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ |

E.      Number of shares of AMSC common stock held at the close of trading on July 11, 2011: _____

F.      Number of shares of AMSC common stock held at the close of trading on October 7, 2011: _____

If you require additional space, attach extra schedules in the same format as above.  Sign and print your name on each additional page.

**YOU MUST READ THE RELEASE AND YOUR SIGNATURE ON PAGE __ WILL CONSTITUTE YOUR ACKNOWLEDGMENT OF THE RELEASE**.

844583_6

IV.     SUBMISSION TO JURISDICTION OF COURT AND
        ACKNOWLEDGMENTS

I (We) submit this Proof of Claim under the terms of the Settlement Agreement described in

the Notice.  I (We) also submit to the jurisdiction of the United States District Court for the District

of Massachusetts with respect to my (our) claim as a Class Member and for purposes of enforcing

the release set forth herein.  I (We) further acknowledge that I am (we are) bound by and subject to

the terms of any judgment that may be entered in the Action.  I (We) agree to furnish additional

information to the Claims Administrator to support this claim if requested to do so.  I (We) have not

submitted any other claim covering the same purchases or sales of AMSC common stock and know

of no other person having done so on my (our) behalf.

V.      RELEASE

1.      I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully,

finally, and forever settle, release, and discharge from the Released Claims each and all of the

"Related Parties," defined as each and all of Defendants and each and all of their respective present

or former parents, subsidiaries, affiliates (as defined in 17 C.F.R. §210.1-02(b)), successors and

assigns, predecessors, and each and all of the respective present or former officers, directors,

employees, employers, members, attorneys, accountants, financial advisors, commercial bank

lenders, investment bankers, representatives, general and limited partners and partnerships, any

person, firm, trust, corporation, officer, director, or other individual or entity in which they have a

controlling interest and any trust of which any Defendant is a settlor, trustee or beneficiary, heirs,

executors, administrators, successors, affiliates, and assigns of each of them.

2.      "Released Claims" means any and all claims, rights, and causes of action, duties,

obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises,

damages, and liabilities of every nature and description, whether known or unknown (including, but

- 7 -

not limited to, "Unknown Claims"), whether arising under federal, state, statutory, common or administrative law or any other law, rule, or regulation, whether based in law or equity, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, that arise out of both (i) the purchase of AMSC common stock during the Class Period and/or in or traceable to the Secondary Offering and (ii) any of the allegations, transactions, facts, events, matters, occurrences, acts, disclosures, statements, representations or omissions or failures to act, involved, set forth, or referred to in the Complaint or could have been asserted in the Action.  Released Claims do not include the Settling Parties' ability to enforce confidentiality agreements and obligations concerning information provided in connection with the Action.

3.      "Unknown Claims" means any and all Released Claims which Lead Plaintiff or any Class Member does not know or suspect, or should have known or suspected, to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision(s) not to object to this Settlement.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff shall expressly and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived to the fullest extent permitted by law the provisions, rights, and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Lead Plaintiff shall expressly and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law,

- 8 -

844583_6

which is similar, comparable, or equivalent to California Civil Code §1542.  Lead Plaintiff and Class

Members may hereafter discover facts in addition to or different from those which he, she or it now

knows or believes to be true with respect to the subject matter of the Released Claims, but Lead

Plaintiff shall expressly, and each Class Member, upon the Effective Date, shall be deemed to have,

and by operation of the Judgment shall have, fully, finally, and forever settled and released any and

all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent,

whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of

law or equity now existing or coming into existence in the future, including, but not limited to,

conduct that is negligent, intentional, with or without malice, or a breach of any duty, law, or rule,

without regard to the subsequent discovery or existence of such different or additional facts.  Lead

Plaintiff acknowledges, and the Class Members shall be deemed by operation of the Judgment to

have acknowledged, that the foregoing waiver and inclusion of "Unknown Claims" was separately

bargained for and a key element of the Settlement of which this release is a part.

4.      This release shall be of no force or effect unless and until the Court approves the

Settlement Agreement and the Settlement Agreement becomes effective on the Effective Date (as

defined in the Settlement Agreement).

5.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or

purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this

release or any other part or portion thereof.

6.      I (We) hereby warrant and represent that I (we) have included information about all

of my (our) purchases and sales in AMSC common stock which occurred between July 29, 2010 and

October 7, 2011, inclusive, including any common stock purchased in or traceable to the Company's

Secondary Offering on or about November 12, 2010, as well as the number of shares of AMSC

- 9 -

common stock held by me (us) at the beginning of trading on July 29, 2010 and at the close of trading on July 11, 2011 and October 7, 2011.

7.      I (We) hereby warrant and represent that I am (we are) not excluded from the Class as defined herein and in the Notice.

8.      I (We) certify that I am (we are) not subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code.

Note:   If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

I (We) declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____
                                                                            (Month/Year)

in _____
                (City)                              (State/Country)


_____
(Sign your name here)


_____
(Type or print your name here)


_____
(Capacity of person(s) signing,
*e.g.*, Beneficial Purchaser,
Executor or Administrator)

844583_6

**ACCURATE CLAIMS PROCESSING TAKES A
SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1.    Please sign the above release and declaration.

2.    Remember to attach supporting documentation, if available.

3.    Do not send original stock certificates.

4.    Keep a copy of your claim form for your records.

5.    If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested.

6.    If you move, please send us your new address.

- 11 -

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

EASTERN DIVISION (BOSTON)

| | |
|---|---|
| DAVE LENARTZ, et al., Individually and on Behalf of All Others Similarly Situated, ) | Lead Case No. 1:11-cv-10582-WGY (**Consolidated**) |
| Plaintiffs, ) | CLASS ACTION |
| vs. ) | |
| AMERICAN SUPERCONDUCTOR CORPORATION, et al., ) | |
| Defendants. ) | |

SUMMARY NOTICE

EXHIBIT A-3

TO:    ALL PURCHASERS OF AMERICAN SUPERCONDUCTOR CORPORATION ("AMSC" OR THE "COMPANY") COMMON STOCK BETWEEN JULY 29, 2010 AND JULY 11, 2011, INCLUSIVE, INCLUDING PURCHASERS OF THE COMPANY'S COMMON STOCK IN OR TRACEABLE TO AMSC'S PUBLIC OFFERING ON OR ABOUT NOVEMBER 12, 2010 ("SECONDARY OFFERING")

YOU ARE HEREBY NOTIFIED that pursuant to an Order of the United States District Court for the District of Massachusetts, a hearing will be held on _____, at __:__ __.m., before the Honorable William G. Young, at the John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston, MA 02210, for the purpose of determining: (1) whether the proposed settlement of the Action for the sum of $8,200,000 in cash, plus Settlement Stock valued at $1,800,000, to be paid pursuant to paragraph 3.1 of the Stipulation and Agreement of Settlement dated November 19, 2013 ("Settlement Agreement"),[1] should be approved by the Court as fair, reasonable, and adequate; (2) whether the Plan of Distribution of settlement proceeds is fair, reasonable, and adequate and therefore should be approved; (3) the reasonableness of the request for an award of attorneys' fees, charges and expenses to Lead Plaintiff's counsel, together with interest thereon; and (4) the amount that Lead Plaintiff should be paid for its expenses in representing the Class.  The Court may change the date of the hearing without providing another notice.

If you purchased shares of AMSC common stock between July 29, 2010 and July 11, 2011, inclusive, including in or traceable to the Secondary Offering, your rights may be affected by this Action and the settlement thereof.  If you have not received a detailed Notice of Pendency and Proposed Settlement of Class Action and a copy of the Proof of Claim and Release, you may obtain copies by writing to *AMSC Securities Litigation*, Claims Administrator, c/o KCC Class Action

---

[1]     The Settlement Agreement and all of its Exhibits can be viewed and/or downloaded at http://classaction.kccllc.net/AmericanSuperconductor.com.

Services, P.O. Box 43212, Providence, RI 02940-3212, by calling the Claims Administrator toll-free at (800) 208-8843, by sending an email to AmericanSuperconductor@kccllc.com, or by downloading this information at http://classaction.kccllc.net/AmericanSuperconductor.com.  If you are a Class Member, in order to share in the distribution of the Settlement Fund, you must submit a Proof of Claim and Release postmarked no later than _____, 2014, establishing that you are entitled to a recovery.  You will be bound by any judgment rendered in the Action unless you request to be excluded, in writing, to the above address, by _____, 2014.

Any objection to the settlement must be filed with the Court and received by counsel listed below no later than _____.

ROBBINS GELLER RUDMAN
  & DOWD LLP
JEFFREY D. LIGHT
655 West Broadway, Suite 1900
San Diego, CA 92101

ROBBINS GELLER RUDMAN
  & DOWD LLP
ROBERT M. ROTHMAN
58 South Service Road, Suite 200
Melville, NY  11747

*Counsel for Lead Plaintiff*

and

CADWALADER, WICKERSHAM
  & TAFT LLP
GREGORY A. MARKEL
One World Financial Center
New York, NY  10281

LATHAM & WATKINS LLP
PATRICK E. GIBBS
140 Scott Drive
Menlo Park, CA  94025

*Counsel for Defendants*

- 2 -

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE**

**REGARDING THIS NOTICE.**

DATED: _____, 2013      BY ORDER OF THE COURT
                                    UNITED STATES DISTRICT COURT
                                    DISTRICT OF MASSACHUSETTS

844596_5

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

EASTERN DIVISION (BOSTON)

| | | |
|---|---|---|
| DAVE LENARTZ, et al., Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Lead Case No. 1:11-cv-10582-WGY (**Consolidated**) |
| Plaintiffs, | ) ) | CLASS ACTION |
| vs. | ) ) | |
| AMERICAN SUPERCONDUCTOR CORPORATION, et al., | ) ) ) | |
| Defendants. | ) ) ) | |
| | ) | |

[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

EXHIBIT B

WHEREAS:

This matter came before the Court for hearing pursuant to the Order Preliminarily Approving Settlement and Providing for Notice ("Notice Order") dated _____, 2013, on the application of the Settling Parties for approval of the Settlement set forth in the Stipulation and Agreement of Settlement (the "Settlement Agreement") dated November 19, 2013.  Due and adequate notice having been given to the Class as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.    This Final Judgment incorporates by reference the definitions in the Settlement Agreement, and all terms used herein shall have the same meanings as set forth in the Settlement Agreement, unless otherwise set forth herein.

2.    This Court has jurisdiction over the subject matter of the Action and over all Settling Parties to the Action, including all Members of the Class.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finally certifies the Class defined as all Persons who purchased AMSC common stock from July 29, 2010 through July 11, 2011, inclusive, as well as purchasers of the Company's common stock in or traceable to AMSC's public offering on or about November 12, 2010.  Excluded from the Class are persons or entities who submit valid and timely requests for exclusion from the Class (a list of those persons is contained in Exhibit 1 annexed hereto), Defendants, members of the immediate family of any such Defendant, any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has or had a controlling interest during the Class Period, the officers and directors of the Company and the Underwriter Defendants during the Class Period, and legal representatives, agents, executors, heirs, successors or assigns of any such excluded Person.

- 1 -

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of settlement only, the Court finds that the prerequisites for a class action under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied in that (a) the size of the Class is so numerous that it would be impracticable to join all Class Members as individual parties; (b) the claims of the Lead Plaintiff are typical of the claims of the Members of the Class; (c) there are questions of law and fact common to the Class which predominate over any individual question; (d) Lead Plaintiff and Lead Counsel have fairly and adequately represented the interests of the Class; and (e) a class action is the superior method for resolving the disputes between the parties.

4.      Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the Settlement set forth in the Settlement Agreement and finds that said Settlement is, in all respects, fair, reasonable, and adequate to the Class, in light of the benefits to the Class, the complexity, expense and possible duration of further litigation against Defendants and the risks of establishing liability and damages and the costs of continued litigation.  This Court further finds that the Settlement Agreement is the result of arm's-length negotiations between experienced counsel representing the interests of the Lead Plaintiff, the Class and the Defendants with the assistance of an experienced mediator.

5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that the Settlement Agreement and Settlement are fair, reasonable, and adequate as to each of the Settling Parties, and that the Settlement Agreement and Settlement are hereby finally approved in all respects, and the Settling Parties are hereby directed to perform its terms.

6.      Accordingly, the Court authorizes and directs implementation of all the terms and provisions of the Settlement Agreement, as well as the terms and provisions hereof.  Except as to any individual claim of those persons identified in Exhibit 1 attached hereto who have validly and timely

- 2 -

requested exclusion from the Class, the Court hereby dismisses with prejudice and without costs (except as otherwise provided in the Settlement Agreement) the Action against the Released Persons.

7.      Upon the Effective Date hereof, and as provided in the Settlement Agreement, Lead Plaintiff shall, and each of the Class Members by operation of this Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Persons, whether or not such Class Member executes and delivers the Proof of Claim and Release.

8.      Upon the Effective Date, each of the Related Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiff, each and all of the Class Members, and Plaintiffs' Counsel from all claims (including, without limitation, Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of the Action or the Released Claims.

9.      Upon the Effective Date hereof, and as provided in the Settlement Agreement, Lead Plaintiff and each of the Class Members shall also be deemed to have, and by operation of this Judgment shall have fully, finally, and forever released, relinquished, and discharged Defendants and Defendants' counsel from all claims (including the Unknown Claims) arising out of the defense, conduct, settlement, or resolution of the Action and the Released Claims.

10.      Upon the Effective Date, Lead Plaintiff and each of the Class Members who have not timely and validly opted out of the Class shall be permanently barred and enjoined from the assertion, institution, maintenance, prosecution, or enforcement against Defendants, or any Released Persons, in any state or federal court or arbitral forum, or in the court of any foreign jurisdiction, of any and all Released Claims (including, without limitation, Unknown Claims), as well as any claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of the Action or the Released Claims.

- 3 -

11.     The distribution of the Notice of Pendency and Proposed Settlement of Class Action and the publication of the Summary Notice as provided for in the Notice Order constituted the best notice practicable under the circumstances, including individual notice to all Members of the Class who could be identified through reasonable effort.  Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the Settlement set forth in the Settlement Agreement, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, §21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7) as amended by the Private Securities Action Reform Act of 1995, due process and any other applicable law.

12.     The Court finds with regard to the Settlement Stock being issued as part of the Settlement Fund that: (1) the terms and conditions of the proposed issuance are fair to all those who will receive securities in the proposed exchange; and (2) the terms and conditions of, and the procedures for, the proposed issuance are fair.  By virtue of the Court's approval of the fairness of the Settlement, pursuant to §3(a)(10) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. §77c(a)(10), the issuance of the Settlement Stock as part of the Settlement Fund for distribution to the Class and Plaintiffs' Counsel may serve as a substitute for the registration requirements of the Securities Act with regard to any Settlement Stock.  In the alternative, AMSC, in its sole discretion, shall have the right to file a registration statement with the U.S. Securities and Exchange Commission covering the issuance of the Settlement Stock.

13.     Any plan of distribution submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

- 4 -

14.     Neither the Settlement Agreement nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the Settlement (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Persons; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal; or (c) is or may be deemed to be or may be used as an admission or evidence that any claims asserted by Lead Plaintiff were not valid or that the amount recoverable was not greater than the Settlement amount, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  Neither the Settlement Agreement nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the Settlement should be admissible in any proceedings for any purpose, except that the Released Persons may file the Settlement Agreement and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

15.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, interest, and expenses in the Action; and (d) all Settling Parties hereto for the purpose of construing, enforcing, and administering the Settlement Agreement.

844469_4

16.     Each Class Member, whether or not such Class Member executes and delivers a Proof of Claim, is bound by this Judgment, including, without limitation, the release of claims as set forth in the Settlement Agreement.

17.     The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

18.     In the event that the Settlement does not become effective in accordance with the terms of the Settlement Agreement, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

19.     Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

20.     The Settling Parties are hereby directed to consummate the Settlement Agreement and to perform its terms.

21.     The Court directs immediate entry of this Final Judgment by the Clerk of the Court.

IT IS SO ORDERED.

DATED: _____     _____
                                 THE HONORABLE WILLIAM G. YOUNG
                                 UNITED STATES DISTRICT JUDGE

844469_4